■ In the Matter of the Claim of PETER BEATRICE, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant, and FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal by the self-insured employer from a decision of June 25, 1964 awarding benefits on account of disability due to silicosis; appellant contending (1) that the claim is barred by section 28 of the Workmen's Compensation Law, (2) that the finding as to date of disablement is not supported by substantial evidence and

(3) that the disabling condition, found to be silicosis, is the identical condition for which award was made against the self-insured employer by decision of March 3, 1948, and subsequently against the Special Fund for Reopened Cases by decision of April 8, 1960. Within the liberal intendment of the Workmen's Compensation Law, and in the circumstances of this case particularly, the board was entitled to treat the letter of April 15, 1960 addressed to it by claimant's attorney as a new claim, which was, of course, timely under section 28, as filed within two years of the date of disability, which the board properly found to be the date claimant's silicosis and total disablement therefrom were first diagnosed and reported. The core of appellant's argument is that the pulmonary condition for which award was made against the employer by the 1948 decision and against the Special Fund by the 1960 decision, was the very same condition of silicosis for which the 1964 decision, now before us, made award against the employer. The board has found to the contrary, upon substantial evidence. Although the 1943 claim did, indeed, allege silicosis, the 1948 decision found "an advanced pulmonary emphysema, probably with slight diffuse interstitial fibrosis of the lungs * * * [with] evidence of chronic bronchitis, probably with bronchiectasis in the lower lobes"; and stated specifically that "it cannot be said that claimant has silicosis or tuberculosis." The findings were amply supported by the conclusion of the board's expert consultant on dust diseases, who said: "There is insufficient evidence to warrant a diagnosis of silicosis but it seems reasonable to suppose that his inhalation of silicious dust over a period of many years has contributed to the aggravation of the pulmonary disease." The decision held claimant to be "partially and permanently disabled on account of the pulmonary changes", noted a conflict in the evidence regarding the extent of the exposure to silica dust, but found "that exposure to dust contributed to claimant's disablement". This decision, not challenged on appeal or otherwise, became the law of the case insofar as the employer and the claimant were and are concerned. The 1960 decision found, also upon adequate proof, "an occupational pulmonary emphysema with diffuse interstitial fibrosis of the lungs, chronic bronchitis, and a resultant causally related heart condition". This decision, too, became final, the Special Fund's appeal being withdrawn; and the employer remaining bound, in our view, by the finding in the 1948 decision denying silicosis. In 1964, however, upon the opinion of the board's medical consultant on dust diseases that claimant then had silicosis and was totally disabled therefrom, the board, in its decision here appealed from, found "that claimant is suffering from an occupationally induced silicosis which became totally and permanently disabling as of May 4, 1959; * * * and * * * that said claim is separate and distinct from his prior claim involving a pulmonary emphysema, interstitial fibrosis of the lungs, chronic bronchitis and an ensuing cardiac condition." As has been noted, there was substantial evidence supportive of the latter finding. In 1944, Dr. Amberson, the board's expert consultant, clearly differentiated and distinguished the conditions, that being the unavoidable implication of his finding of emphysema, chronic bronchitis and probable fibrosis and bronchiectasis while at the same time expressly denying silicosis; this differentiation and the express denial of silicosis being adopted and found by the board in its 1948 decision, which became the law of the case, and, finally, it may be noted, although not as necessary to our decision, that another board consultant, Dr. Davies, in 1963 seems also to have recognized a difference or distinction, although, perhaps, a more narrow one. We conclude that the board's 1964 finding of silicosis as a new and separate entity cannot be disturbed. If, however, we were to assume, first, that the separate conditions found were actually the same condition and,

second, that, in such case, proper procedural steps were taken upon the receipt of the April 15, 1960 letter (cf. *Matter of Stimburis* v. *Leviton Mfg. Co.*, 5 N Y 2d 360; *Matter of Parella* v. *Harrod Steel Erection Co.*, 19 A D 2d 451, mot. for lv. to app. den. 13 N Y 2d 600), it may well be that the employer would even then have had to be held and the Special Fund discharged for the applicable period after July 1, 1957, the effective date of the amendment to section 44-a of the Workmen's Compensation Law by chapter 938 of the Laws of 1957 (provision repealed and section further amended by L. 1965, ch. 613) providing that the employer shall be liable "where the employee while continuously employed by the same employer is transferred from an injurious exposure to a non-injurious exposure and disablement occurs at any time during such employment with the same employer, or within two years after termination of such employment" (and see Workmen's Compensation Law, § 47); but we do not reach that question. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.