█ In the Matter of the Claim of IRA HUTTON, Respondent, v. ST. JOSEPH LEAD COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by the self-insured employer from a decision which awarded compensation for permanent total disability due to silicosis; the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law being directed to reimburse the employer, in accordance with paragraph (ee) of said subdivision, for all compensation and medical benefits subsequent to those payable for the first 260 weeks of disability. The date of disablement was found to be July 21, 1965. Appellant first attacks as arbitrary and unsupported by substantial evidence the board's finding that claimant's 1962 application to reopen his 1952 claim constituted a new and timely claim. The 1952 claim had alleged pneumoconiosis due to dust and had been closed in 1954 for failure to prosecute, following a diagnosis by the board's expert consultant of emphysema unrelated to the employment. In the proceedings upon the 1952 claim there was no diagnosis of silicosis nor any claim thereof and, as noted in the decision now appealed from, it was not until July 21, 1965 that the board of chest consultants diagnosed causally related silicosis; and this the board was warranted in finding "a new and separate entity" (*Matter of Beatrice* v. *General Elec. Co.,* 24 A D 2d

1047, 1048). This being so, the board's 1962 order of restoral was not conclusive with respect to the nature of the condition or that of the claim and, upon finding the order incorrect, the board could rescind it (Workmen's Compensation Law, § 123; *Matter of Parella* v. *Harrod Steel Erection Co.,* 19 A D 2d 451, mot. for lv. to app. den. 13 N Y 2d 600), as in effect it did, and thereupon treat the application therefor (which in this case was more detailed and informative than the original claim) as a new and timely claim (*Matter of Doca* v. *Federal Stevedoring Co.,* 308 N. Y. 44, 52; *Matter of Kaplan* v. *Kaplan Knitting Mills,* 248 N. Y. 10, 13; *Matter of Beatrice* v. *General Elec. Co., supra*). This conclusion renders academic appellant's alternative contention that the order of restoral was improperly granted. Contrary to appellant's contention, substantial evidence of causal relationship appears in the testimony of Dr. Brock. We find insubstantial, also, appellant's contention that the board improperly fixed the date of disablement as of the date when silicosis was first diagnosed. (See *Matter of Guardi* v. *General Elec. Co.,* 30 A D 2d 738, 739, mot. for lv. to app. den. 22 N Y 2d 644, and authorities there cited.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.