In the Matter of the Claim of DORIS MONGEON, Respondent, v COHOES CARRYBAG COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 5, 1977

*Walworth, Harding & Welt (Robert S. Stockton* of counsel), for appellants.

*John Kelly* for Doris Mongeon, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. These are appeals (1) from a decision of the Workmen's Compensation Board, filed April 25, 1975, which amended a decision filed September 12, 1974, finding claimant's decedent's death to be causally related to exposure to benzene in his employment and that the claim was timely filed, and (2) from a decision filed July 8, 1976, which denied the carrier's application for a shortened record to exclude certain evidence and granting the request of the respondent to include certain evidence.

Claimant's decedent, having been employed by the employer herein since September of 1965, was hospitalized from May 12, 1966 to May 18, 1966 with a condition which was variously diagnosed as hemolytic anemia, a disease which could be attributable to the employment, and pernicious anemia, a disease allegedly unrelated to the employment. An employer's report of injury was filed May 25, 1966. A disability claim was thereafter indexed by the Workmen's Compensation Board, which claim was controverted on the issue of injurious exposure and causally related disability for benzene poisoning. The decedent was again hospitalized on November 12, 1966 and on the 22d of that month transferred to another hospital with an "undetermined" final diagnosis. He died two days later, the autopsy report indicating a disease of the gallbladder. No formal death claim was filed at that time.

The disability claim continued to be controverted until January, 1970, at which time the case was closed until claimant could produce medical evidence of a causal relationship.

On December 29, 1970 and again on January 14, 1971, letters were sent to the board seeking to reopen "the claim of Mrs. Mongeon" (decedent's widow), upon the affidavit of Dr. A. J. Bragoli. The affidavit of Dr. Bragoli, dated December 14, 1970, recited in essence that the doctor had "reviewed the medical records surrounding the death of Francis Mongeon * * * on November 24, 1966, allegedly caused by exposure",

and that it was the doctor's "professional opinion that said Francis Mongeon died from * * * hemolytic anemia rather than * * * pernicious anemia". The affidavit then went on to recite the underlying facts indicating decedent's exposure in the employment environment supporting the doctor's conclusions. At a hearing on June 25, 1971, the carrier raised the contention that no proper death claim had been filed, wherefore the claim was barred under sections 28 and 40 of the Workmen's Compensation Law which provide in essence, that a claim for death benefits where death is causally related to occupational exposure such as is alleged in the present case, that is not filed within two years of the death, is barred unless filed within 90 days "after knowledge that the disease is or was due to the nature of the employment". On October 7, 1971 forms C64 and C65 were formally filed with the board.

It is not disputed that claimant's death was causally related to benzene exposure and the award in the disability case is not challenged on this appeal. Appellants do contend, however, that the death claim was not filed until October 7, 1971 and that since knowledge of causal relationship was acquired no later than the date of Dr. Bragoli's affidavit, substantially more than 90 days prior to the filing of the claim, it is barred by the applicable period of limitations. Appellants contend that the only claim that was reopened was the disability claim.

The board has found that the claim was filed within 90 days of knowledge that the death was causally related to the employment, relying, by implication, upon consideration of the letters of December, 1970 and January, 1971 as constituting death claims as well as applications to reopen the disability case. On the record before us, these findings should be affirmed. While the letters did not specifically mention a death claim, Dr. Bragoli's affidavit was primarily concerned with cause of death, and therefore was most certainly pertinent to a claim for death. The board's power in appropriate circumstances to treat a letter applying for the reopening of a case as a new claim has previously been approved by this court (Matter of Beatrice v General Elec. Co., 24 AD2d 1047). It is argued, we note, that at the time the letters in question were submitted, the disability claim had been closed for some time and the decedent had been dead for more than four years. It would therefore appear reasonable that any medical evidence submitted on the question of causal relationship between the

employment and the death would clearly have been in contemplation of a death as well as a reopening of the disability claim. While it is true that a medical report in and of itself has been held not to constitute a claim *(Matter of Bielat v Alco Prods.,* 28 AD2d 747), the facts and circumstances of that case are clearly distinguishable. As noted in *Matter of Kaplan v Kaplan Knitting Mills* (248 NY 10, 13): "The Workmen's Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading. * * * The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made. * * * Under such circumstances we think that [the law] is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

The decision of the board finding the claim to have been filed within 90 days of the time claimant acquired knowledge of causal relation between her decedent's death and his employment must therefore be affirmed.

We have examined appellant's other contentions and find them without merit.

The decisions should be affirmed, with costs to respondents filing briefs.

KOREMAN, P. J., SWEENEY, MAHONEY and HERLIHY, JJ., concur.

Decisions affirmed, with costs to respondents filing briefs.