In the Matter of the Claim of THOMAS MASOTTO, Respondent, v ATLANTIC & PACIFIC TEA COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 29, 1977, which discharged the special disability fund from liability under subdivision 8 of section 15 of the Workers' Compensation Law. On February 24, 1975, claimant sustained an injury during the course of his employment for which compensation benefits were paid. In April, 1976 the carrier filed a purported notice of claim for reimbursement from the Special Disability Fund, seeking reimbursement pursuant to subdivision 8 of section 15 of the Workers' Compensation Law. Form C-250 is the form prescribed and distributed by the chairman of the Workers' Compensation Board to be used in filing a notice of claim for reimbursement from the Special Disability Fund. The carrier used this form in filing its notice of claim. The first question on the form asks that the nature and extent of the previous physical impairment be set forth in detail. This question was answered with the statement "permanent disability condition". It was also asked when the previous physical impairment was incurred and this question was answered with the statement "prior to 2-24-75". The board found that the C-250 form was defective and not proper and concluded that the carrier was not entitled to reimbursement as no particular condition was specified as being pre-existing. This appeal ensued. The notice of claim of the right to reimbursement pursuant to subdivision 8 of section 15 of the Workers' Compensation Law must be filed with the board in writing (Workers' Compensation Law, § 15, subd 8, par [f]). Section 117 of the Workers' Compensation Law provides, in pertinent part, that "The chairman may make reasonable regulations consistent with the provisions of this chapter and the labor law". Section 124 of the Workers' Compensation Law provides, insofar as relevant herein, that "The chairman shall prescribe and distribute such blank forms as the administration of this chapter requires". In our view, the Legislature intended to empower the chairman of the Workers' Compensation Board with the authority to require that certain specific information be provided by an employer or carrier on a notice of claim for reimbursement. An employer or carrier should not be allowed to circumvent this intention by failing to provide requested information or completing the form with only

vague generalities. Consequently, it is the opinion of this court that the board properly discharged the Special Disability Fund on the basis that the C-250 form was defective as required information was lacking. Appellants' reliance on *Matter of Kaplan v Kaplan Knitting Mills* (248 NY 10) and *Matter of Mongeon v Cohoes Carrybag Co.* (57 AD2d 180) is misplaced. Although the policy of avoiding legal terminology and the technicalities of law pleading was expressed in both cases, the cases were concerned with claims for compensation benefits, whereas the present case involves a notice of claim for reimbursement by a carrier *(Matter of Kaplan v Kaplan Knitting Mills, supra,* p 13; *Matter of Mongeon v Cohoes Carrybag Co., supra,* p 183). In any event, even the claim for reimbursement in the present case was not stated with any reasonable certainty by the carrier. The decision of the board, therefore, should be affirmed. Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.