■ In the Matter of the Claim of VINCENT LOGIUDICE, Respondent, v DIC UNDERHILL & PALMIERI et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 28, 1978, which discharged the Special Disability Fund from liability upon the ground that no claim for reimbursement had been filed within the limitation of time provided by section 15 (subd 8, par [f]) of the Workers' Compensation Law. The claim arose as the result of a compensable injury and disability which followed an accident of August 6, 1975. At a hearing on May 10, 1977, the referee made an award and classified the claimant as having a permanent partial disability. However, upon observing that there was no notice of claim (Form C-250) for reimbursement in the file, he alerted appellants' counsel to this fact and rescinded the classification of permanent disability, thereby providing the appellant carrier with additional time for an opportunity to file its C-250 because at that time the 104 weeks had not expired (see Workers' Compensation Law, § 15, subd 8, par [f]). However, the appellant carrier, knowing that the referee found no C-250 in the file, apparently chose to ignore the opportunity extended and took no further action before November 18, 1977, and at the hearing held on that date the referee, on his own motion, discharged the Special Disability Fund from liability for reimbursement because there was no C-250 filed with the board and 104

658

weeks had expired. The carrier first contends that a letter from one of its examiners, dated June 30, 1976, with an attached knowledge statement of the employer, constituted proper notice or claim for reimbursement under section 15 of the Labor Law. This contention overlooks the fact that section 117 of the Workers' Compensation Law provides, in pertinent part, that "The chairman may make reasonable regulations consistent with the provisions of this chapter and the labor law" and that section 124 of the Workers' Compensation Law, in relevant part, provides that "The chairman shall prescribe and distribute such blank forms as the administration of this chapter requires". We have previously held that the Legislature intended to empower the chairman of the Workers' Compensation Board with the authority to require that certain specific information be provided by an employer or carrier *on a notice of claim for reimbursement (Matter of Masotto v Atlantic & Pacific Tea Co., 70 AD2d 714)*. Appellants' other contention that they filed a C-250 merely raises a factual issue which the board resolved against the carrier. Since the record provides substantial evidence for this determination, it should be affirmed. Decision affirmed, with costs to the Special Disability Fund against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.