■ In the Matter of the Claim of DAVID J. KANE, Respondent, v HART & KROUSE CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed May 8, 1975, September 24, 1976 and October 22, 1979, which held that the claimant suffered a myocardial infarction on April 4, 1967 as a result of lifting and moving castings in his employment as a sandblaster and that the claim filed September 27, 1968 sufficiently alerted the carrier for the purpose of investigating the claimant's accident and was timely filed. Claimant filed two C-3 forms in relation to an injury he sustained in April of 1967. The first C-3 was filed on September 27, 1968 listing "silicosis" as the nature of his injury. In the second C-3, filed September 22, 1972 under the workers' compensation claim number assigned to his original C-3 report, claimant indicated the nature of his injury as: "The lifting and moving of castings during the sandblasting operation subjected claimant to an unusual strain resulting in an acute myocardial infarction." The employer had controverted the claim by C-2 dated July 24, 1968. Appellants' single argument is that the claim for a cardiac accident occurring on April 4, 1967 was not timely filed and the Workers' Compensation Board was without authority to accept it since it allegedly was not filed until September 22, 1972, more than two years after the accident, in violation of the provisions of section 28 of the Workers' Compensation Law. We disagree. There was ample evidence before the board to sustain a finding that the claim for disability due to a heart condition was timely filed. In his C-3 form filed September 27, 1968, claimant indicated that his injury was "silicosis," that he stopped work because of the injury in April, 1967, that his attending physician was Dr. Edward C. Alessi and that he was in Rome Hospital. Dr. Alessi, in an initial report filed with the Workers' Compensation Board on July 1, 1968, stated that he had first treated the claimant on April 8, 1967 for a heart condition and at that time the claimant was disabled from a myocardial infarction. The C-2 report filed by the employer, dated July 24, 1968, referred to Dr. Alessi as the claimant's physician but listed only "silicosis" as "parts of body affected." In attending physician's supplementary reports dated August 7, 1968 and September 10, 1968, Dr. Alessi again indicated in the disability section of the reports that claimant's injury resulted in a "myocardial infarction and pronounced spots on lungs." Moreover, on March 14, 1969, within two years of the accident, an expert chest consultant of the Workers' Compensation Board, Dr.

Henry J. Brock, examined claimant. In a filed report dated January 17, 1969 and sworn to March 24, 1969, Dr. Brock stated that "The history, physical examination, laboratory studies and x-ray films are compatible with a diagnosis of coronary artery heart disease with residual inferior myocardial infarction, cardiac arrhythmia due to premature atrial and ventricular contractions and hypertension as a result of which the claimant is totally and permanently disabled." This report also referred to claimant's confinement in Rome Hospital in April, 1967 until May 18, 1967 for an acute myocardial infarction. The foregoing illustrates that there is a sufficient basis from which the board could properly find, as it did, that the claim filed September 27, 1968, together with the medical reports filed in relation to it, sufficiently alerted the carrier for purposes of investigation with regard to claimant's condition in April, 1967 and that the C-3 form filed September 27, 1968 is also the claim for compensation in case No. 67209218 (for which a C-3 was not filed until Sept. 22, 1972) and that it was timely filed. There is substantial evidence in the record to support the board's finding that the claim was timely filed (Matter of Kaplan v Kaplan Knitting Mills, 248 NY 10, 13; Matter of Ruso v Beverwyck Breweries, 276 App Div 878). Decisions affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.