■ In the Matter of the Claim of HERBERT RAFF, Respondent, v UPSON Co. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 5, 1979. Claimant sustained a work-related back injury on April 16, 1956, for which he received compensation, and the case was closed in December, 1959. By application dated March 6, 1967, claimant sought to reopen the claim, stating that he last worked for the employer on December 6, 1966. The board ordered the claim restored to the Referee's Calendar for further consideration, and following several hearings and the submission of physicians' reports, the board, in a decision filed July 14, 1971, found "no further causally related disability attributable to [the] accidental injury sustained on April 16, 1956" and closed the case. Claimant filed a claim, dated October 14, 1971, alleging a work-related accidental injury to his back on December 5, 1966. The carrier contested the claim, raising questions as to accident, notice, causal relationship and failure to timely file a claim. The board ultimately awarded benefits to claimant, and this appeal ensued. The dispositive issue on this appeal is whether the board erred in concluding that claimant had timely filed a claim. Pursuant to section 28 of the Workers' Compensation Law, a claim for compensation must be filed within two years of the date of injury, except under certain circumstances not relevant here. The board found that claimant's application, in March of 1967, to reopen the claim relating to the April 16, 1956 injury constituted a claim for compensation for the December 5, 1966 injury. On this appeal, the board now contends that appellants cannot challenge this finding since the carrier waived the objection of timeliness of the claim by failing to raise it at the first hearing on the application (Workers' Compensation Law, § 28). This bootstrap argument must be rejected as totally lacking in merit. From the filing of the application in March, 1967

until the case was closed in July, 1971, the parties treated the matter as relating to the 1956 accident. Claimant did not clearly assert that he had sustained a new injury in 1966 until October of 1971, and thereafter the carrier timely raised the objection. On the merit, we find no substantial evidence to support the board's finding that claimant's 1967 application to reopen constituted a new claim. In appropriate circumstances, the board may treat an application to reopen as a new claim *(Matter of Mongeon v Cohoes Carrybag Co.,* 57 AD2d 180; *Matter of Beatrice v General Elec. Co.,* 24 AD2d 1047), and the board may do so even after having initially ordered restoral *(Matter of Hutton v St. Joseph Lead Co.,* 30 AD2d 1001). However, such an application will be sufficient to constitute a claim only "when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made" *(Matter of Kaplan v Kaplan Knitting Mills,* 248 NY 10, 13). Here, the only reference to December, 1966 on the application is in response to the question of when claimant last worked for the employer; the injury is described simply as a back injury, which is the same as the 1956 injury; the date of the accident is specifically stated as April 16, 1956; and in response to the question of whether he had sustained any other injury since the closing of his case, the claimant answered "no". Unlike *Matter of Kane v Hart & Krouse Corp.* (79 AD2d 797), this is not a case where the injury merely has been misdescribed in the claim, but there are numerous physician's reports accurately describing the work-related injury. The application to reopen here contains nothing from which it can reasonably be inferred that claimant sustained a work-related accidental injury on December 5, 1966 or that he was making a claim for compensation relative to such an injury. The board's decision finding that the application to reopen constitutes a new claim must, therefore, be reversed. We pass on no other issue. Decision reversed, and claim dismissed, with costs to the employer and its insurance carrier against the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.