■ In the Matter of the Claim of FORREST ROLAND, Respondent, v SUNMARK INDUSTRIES et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Levine J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 1985, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

Claimant incurred a work-related injury to his back on February 14, 1980, which ultimately resulted in an award of compensation for a permanent, partial disability. On August 4, 1981, the employer's insurance carrier filed a claim for reimbursement from the Special Disability fund pursuant to Workers' Compensation Law § 15 (8), on the form (C-250) prescribed by the Chairman of the Workers' Compensation Board (Board), alleging a known, preexisting back condition as the basis of the claim. By letter to the Special Disability Fund dated November 6, 1981, a copy of which was sent to the Board, the carrier advised of the employer's knowledge of a knee injury and serious hypertension condition predating the February 1980 compensable back injury. An employer's statement on form C-252 of knowledge of the knee impairment and the hypertension, dated October 23, 1981, together with verifying medical records, was enclosed. A prehearing conference between representatives of the carrier and the Special Disability Fund was held in November 1982. On February 2, 1983, almost a full year after the expiration of the statutory two-year period of limitations for filing a reimbursement claim (Workers' Compensation Law § 15 [8] [f]), the carrier filed an amended form C-250 in which it claimed reimbursement on the basis of claimant's existing knee and hypertension impairments. At the hearing which followed, the carrier was unable to establish the employer's prior knowledge of the preexisting back injury and reimbursement was denied by the Workers' Compensation Law Judge. The Board affirmed, ruling that the carrier's claim for reimbursement arising out of claimant's earlier knee injury and hypertension was untimely filed. This appeal ensued.

We affirm. Under Workers' Compensation Law §§ 117 and 124, the Chairman of the Board is given authority to promulgate regulations and to prescribe forms in connection with the administration of the law. The regulations (12 NYCRR 300.5) specifically require that a claim for reimbursement pursuant to section 15 (8) shall be filed on a form prescribed by the Chairman. The Board could properly determine that the original C-250 filed by the carrier, which totally omitted reference to claimant's prior knee and hypertension impairments, was ineffective as a claim for reimbursement on the basis of those physical conditions *(see, Matter of Masotto v Atlantic & Pac. Tea Co.,* 70 AD2d 714, 715). Although the carrier's letter of November 6, 1981, with the enclosed statement of employer's knowledge on form C-252, may have put the Special Disability Fund on notice of the carrier's intent to claim reimbursement because of claimant's preexisting knee injury and hypertension, the Board was likewise permitted to reject it as not constituting a proper notice of claim or amendment thereof *(see, Matter of Logiudice v Dic Underhill & Palmieri,* 72 AD2d 657, 658). The regulations and decisional authorities constrain us to uphold the Board's strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement from the Special Disability Fund. Since the only claim for reimbursement arising out of claimant's earlier knee injury and hypertension that met those requirements was not timely filed, the Board's decision rejecting the claim must be upheld *(see, Matter of Kirik v Ford Motor Co.,* 27 AD2d 675; *Matter of Domash v Standard Coat, Apron & Linen Serv.,* 11 AD2d 575, *affd* 9 NY2d 889).

Decision affirmed, with costs to the Special Disability Fund. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.