■ In the Matter of the Claim of FRANKLIN ADAMS, Respondent, v OWENS CORNING FIBERGLASS et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 258] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed November 23, 1999, which dis-

charged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

After a panel of the Workers' Compensation Board ruled that the employer's workers' compensation carrier was entitled to reimbursement under Workers' Compensation Law § 15 (8) (d) based upon claimant's preexisting coronary artery disease, the Special Disability Fund (hereinafter the Fund) appealed to this Court and sought full Board review. One year later, the carrier moved to dismiss the appeal for failure to prosecute. The Fund did not oppose the motion and it was granted in June 1999. Several months later, the full Board rescinded the panel's decision and returned the matter to the panel for further consideration. The panel thereafter concluded that the carrier's claim for reimbursement failed to specify claimant's coronary artery disease as a preexisting disability and that, therefore, the carrier was not entitled to reimbursement from the Fund on the basis of the coronary artery disease.

We reject the argument of the employer and its carrier that this Court's dismissal of the Fund's appeal for failure to prosecute precluded the full Board from rescinding the panel's decision. Even assuming that the dismissal constituted a ruling against the Fund on the merits (*see, Bray v Cox*, 38 NY2d 350), the Board nonetheless had plenary authority under Workers' Compensation Law § 123 to modify or rescind the decision (*see, Matter of Buchanon v Adirondack Steel Casting Co.*, 175 AD2d 971), and this Court's affirmance of a decision does not preclude the Board's exercise of this authority, provided that there are facts to justify the Board's action (*see, Matter of Di Donato v Rosenberg*, 256 NY 412, 418). In this case, recision of the panel's decision was justified by the panel's failure to consider the requirement that the carrier's claim for reimbursement specify the preexisting disability upon which the claim is based.

Turning to the merits, "[t]he regulations and decisional authorities constrain us to uphold the Board's strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement" (*Matter of Roland v Sunmark Indus.*, 127 AD2d 894, 895). The form filed by the carrier in this case, which expressly required that the nature and extent of the previous physical impairment be set forth in detail, contains no mention of coronary artery disease and, therefore, there is no basis to disturb the Board's decision to reject the claim for reimbursement based on preexisting coronary artery disease. The reference to "all other pathology" in the claim form, together with a reference to coronary artery disease in a medi-

cal report filed the same day as the claim form, did not constitute strict compliance with the requirement that the nature and extent of the previous impairment be specified in the form (*see, id.*; *Matter of Masotto v Atlantic & Pac. Tea Co.*, 70 AD2d 714).

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.