■ In the Matter of the Claim of FRANK E. MAZZARELLA, Claimant, v CHARLES CUTTING et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [734 NYS2d 260] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed February 1, 2000, which ruled that the employer's workers' compensation carrier was not entitled to reimbursement from the Special Disability Fund.

On November 27, 1995, a Workers' Compensation Law Judge (hereinafter WCLJ) made an award of workers' compensation benefits for a right ankle injury that claimant sustained on July 28, 1993 in the course of his employment with Charles Cutting. On August 28, 1996, Cutting's workers' compensation carrier filed form C-251.2 requesting reimbursement for

compensation payments made under Workers' Compensation Law § 14 (6) based on claimant's concurrent employment with two other employers. On June 5, 1998, a WCLJ denied the carrier reimbursement pursuant to Workers' Compensation Law § 14 (6) and § 15 (8) (*l*) because of the carrier's failure to previously file form C-251.3 with the Workers' Compensation Board. Citing to the carrier's "fail[ure] to file a C-251.3 prior to the making of the award of compensation" and rejecting as irrelevant "the carrier's argument regarding lack of prejudice to [the] Special [Disability] Fund[ ]," the Board affirmed. Cutting and the carrier (hereinafter collectively referred to as the carrier) appeal.

We affirm. Although the carrier is correct in its assertion that neither Workers' Compensation Law § 14 (6) nor § 15 (8) (*l*) requires the filing of a specific form (*compare,* Workers' Compensation Law § 21-a [1]; § 25 [1] [c], [d]; [2] [a]), its analysis overlooks the requirement of 12 NYCRR 300.5 (e) that "[a] claim for reimbursement pursuant to [Workers' Compensation Law § 15 (8)] shall be filed on a form prescribed by the chair." It is undisputed that form C-251.3 was prescribed for that purpose. This Court has repeatedly recognized the Board Chair's "authority to promulgate regulations and to prescribe forms in connection with the administration of the law" (*Matter of Roland v Sunmark Indus.,* 127 AD2d 894, 895) and the Board's right to insist upon "strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement from the Special Disability Fund" (*id.,* at 895; *see, Matter of Brannigan v Town of Oyster Bay,* 141 AD2d 942, 943; *Matter of Logiudice v Dic Underhill & Palmieri,* 72 AD2d 657, 658). The fact that the carrier's timely filing of form C-251.2 may have put the Special Disability Fund on notice of the carrier's intent to claim reimbursement does not mandate a contrary result (*see, Matter of Roland v Sunmark Indus., supra,* at 895; *Matter of Logiudice v Dic Underhill & Palmieri, supra,* at 658).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to the Special Disability Fund.