■ In the Matter of the Claim of KATHLEEN WINTERS, Respondent, v ROMAN CATHOLIC DIOCESE et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 301]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 12, 2006, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

On November 12, 1999, claimant injured her right knee during the course of her employment with the Roman Catholic Diocese (hereinafter the primary employer). During the three months that she was out of work from that injury, she underwent a meniscectomy. In September 2001, the Workers' Compensation Board addressed the compensability of the claim and continued the case for further medical evidence on the issue of permanency. At a later hearing, a determination was made that the Special Disability Fund be put on notice as to claimant's concurrent employment. In the notice scheduling a hearing for September 12, 2002, the issues of permanency and concurrent employment were specifically noted.

At that hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant suffered from a 15% scheduled loss of use of her right leg. Further finding her average weekly wage as well as concurrent employment, it issued a

directive to the workers' compensation carrier "to pay entire award and seek reimbursement from Special Funds per Section 14-6." This decision was filed on September 19, 2002, with no application for review by any party, including the Special Disability Fund. However, in its "Notice of Intention" of the same date, the Special Disability Fund indicated that, with respect to the WCLJ's decision, "it appears that there is no objection to the finding of concurrent employment, nor for the Fund's liability for that portion of the benefit rate resulting from the concurrent employment." It noted, however, that there was no "C-251.3 in folder." On September 19, 2002, the primary employer filed a "Notice of Right to Reimbursement of Compensation Payments under Section 14 (6) and 15 (8)" (hereinafter form C-251.3). When the Special Disability Fund refused reimbursement, a hearing was held in September 2005 wherein it contended that because the primary employer had not filed a form C-251.3 prior to the award of compensation, it is not entitled to reimbursement. The WCLJ disagreed and the Board affirmed that determination based upon a finding of waiver. This appeal ensued.

Pursuant to Workers' Compensation Law § 14 (6), the employer in whose employment the claimant was injured will be initially responsible for paying additional benefits attributable to the claimant's concurrent employment. However, it may seek reimbursement from the Special Disability Fund for those additional benefits if it has filed a notice of a right to reimbursement before the written decision making that award is filed (see Workers' Compensation Law § 15 [8] [l]; Town of Hempstead, 2005 WL 402041 [Case No. 2010 9220, Feb. 14, 2005]; see also Monsey Glatt, 2005 WL 2095351, *1, 2005 NY Wrk Comp LEXIS 7366, *3 [Case No. 3030 2319, Aug. 25, 2005]).

Here, it is undisputed that the primary employer filed its form C-251.3 six days after the filing of the decision by the WCLJ. However, the Board has held that such failure may not be fatal where the Special Disability Fund has waived its right to assert such defense by failing to timely appeal the issue of concurrent employment (see St. Catherines, 2006 WL 3337019, *2, 2006 NY Wrk Comp LEXIS 9702, *3-4 [Case No. 5980 6482, Oct 27, 2006]; Bronx Psychiatric Ctr., 2006 WL 1557804, *2, 2006 NY Wrk Comp LEXIS 4703, *3-4 [Case No. 0982 7984, May 30, 2006]).

Here, it is undisputed that the Special Disability Fund was on notice and represented at the hearing where concurrent employment was raised and determined. The notice of decision established claimant's entitlement to concurrent employment

with a direction to the primary employer to seek reimbursement from the Special Disability Fund.* The Special Disability Fund thereafter failed to file an application for review (*see* Workers' Compensation Law § 23), and further noted in its Notice of Intention that it had no objection to that finding or its liability for that portion of the benefit resulting from concurrent employment. Recognizing that the primary employer had filed its request for reimbursement within days of the filing of the decision by the WCLJ (*compare Estee Lauder*, 2007 WL 1600727, 2007 NY Wrk Comp LEXIS 3239 [Case No. 4010 2778, Mar. 23, 2007]) and that the Special Disability Fund waited almost three years to object to the untimely filing, substantial evidence supports the Board's determination (*see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 279 [2006]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Any contention that the language of such decision was less than directive is rejected upon our review of the unequivocal language of Workers' Compensation Law § 14 (6), which clarifies that the Special Disability Fund's obligation for reimbursement is triggered upon a finding of concurrent employment. *Manhattan Beer Dist.* (2006 WL 2926781, 2006 NY Wrk Comp LEXIS 8818 [Case No. 0020 7128, Sept. 27, 2006]) does not warrant a contrary result since the award in that case was temporary.