■ In the Matter of the Claim of JAMES VINOVRSKI, Respondent, v INNOVATIVE CHEMICAL CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [843 NYS2d 199]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 28, 2006, which, among other things, discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

Claimant sustained a work-related injury in November 2001, and his claim for left forearm and neck injuries, consequential

complex regional pain syndrome, thoracic outlet syndrome and consequential depression was thereafter established. In August 2003, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund under the Workers' Compensation Law on the basis of a prior knee injury. As relevant here, the Workers' Compensation Board ultimately determined that the claim was not subject to reimbursement pursuant to the provisions of Workers' Compensation Law § 15 (8) (d) because the form for reimbursement submitted by the carrier was deficient. The carrier now appeals.

It is well settled that "[t]he regulations and decisional authorities constrain us to uphold the Board's strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement from the Special Disability Fund" (*Matter of Roland v Sunmark Indus.*, 127 AD2d 894, 895 [1987]; *accord Matter of Adams v Owens Corning Fiberglass*, 288 AD2d 645, 646 [2001]; *see Matter of Masotto v Atlantic & Pac. Tea Co.*, 70 AD2d 714, 714-715 [1979]). Here, in a section on the requisite form which instructed that "the nature and extent [of the previous physical impairment] must be given forth in detail," the carrier stated simply "knee (1986), asthma" and listed the date of the impairment as "prior to 11/24/01"—the date of the injury giving rise to the present claim. Additionally, although claimant's knee was the subject of a previously established workers' compensation claim, the carrier left blank the section of the form requiring this information and "full particulars." Inasmuch as the carrier failed to strictly comply with the requirements of the submitted form, the Board was entitled to reject it as deficient and we decline to disturb the Board's decision (*see Matter of Adams v Owens Corning Fiberglass*, 288 AD2d at 646-647; *Matter of Masotto v Atlantic & Pac. Tea Co.*, 70 AD2d at 714-715).

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.