■ In the Matter of the Claim of MARIA HERNANDEZ, Respondent, v TACO BELL, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [859 NYS2d 281]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 12, 2006, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant sustained a work-related injury during the course of her employment with Taco Bell, Inc. (hereinafter the primary employer). Because she was also employed elsewhere at the time, she sought to have her average weekly wage calculated based upon her wages from all concurrent employment (see Workers' Compensation Law § 14 [6]). The Special Disability Fund received several notices that this issue would be addressed at hearings. After participating in settlement negotiations, claimant, the primary employer's workers' compensation carrier and the Special Disability Fund entered into a written stipulation establishing a 10% schedule loss of use of claimant's right hand and a composite average weekly wage including specified wages from the primary employer and from claimant's concurrent employment. The stipulation included a statement that "[c]oncurrent employment accepted by Special Funds." A Workers' Compensation Law Judge (hereinafter WCLJ) ap-

proved the stipulation and entered awards in accordance with its terms.

Thereafter, the Special Disability Fund refused to reimburse the carrier for the amount of additional benefits resulting from the increase in average weekly wages due to claimant's concurrent employment (*see* Workers' Compensation Law § 14 [6]; § 15 [8] [*l*]). This refusal was based on the carrier's undisputed failure to file a form C-251.3, entitled "Notice of Right to Reimbursement of Compensation Payments under Section 14 (6) and 15 (8)." The WCLJ directed the Special Disability Fund to reimburse the carrier. The Workers' Compensation Board affirmed that determination, noting that the Special Disability Fund consented to the finding of concurrent employment and had actual notice of that issue prior to the entry of any awards. The Special Disability Fund appeals.

Under Workers' Compensation Law § 14 (6), the average weekly wage of a claimant employed by more than one employer shall be based on wages earned through all concurrent employment. The employer in whose employment the claimant was injured is initially responsible for all benefits, but that employer may seek reimbursement from the Special Disability Fund for any amounts attributable to the claimant's concurrent employment (*see* Workers' Compensation Law § 14 [6]; § 15 [8] [*l*]). Notice of such right to reimbursement shall be filed with the Board in writing, on a form prescribed by the Board's chair—form C-251.3—prior to the entry of a decision awarding benefits based on concurrent employment (*see* Workers' Compensation Law § 15 [8] [*l*]; 12 NYCRR 300.5 [e]; *see also Matter of Carter v Von Roll Isola, USA, Inc.*, 25 AD3d 987, 988 [2006]; *Matter of Mazzarella v Cutting*, 288 AD2d 784, 785 [2001]).

This Court has previously held that the Board has the right to insist that carriers strictly adhere to Board rules and use prescribed forms to obtain reimbursement from the Special Disability Fund, upholding the denial of reimbursement where the carrier failed to timely file the proper form even though the Special Disability Fund may have been on notice of the carrier's intent to claim reimbursement (*see Matter of Mazzarella v Cutting*, 288 AD2d at 785; *Matter of Roland v Sunmark Indus.*, 127 AD2d 894, 895 [1987]; *Matter of Logiudice v Dic Underhill & Palmieri*, 72 AD2d 657, 658 [1979]). We have also upheld Board determinations holding that the failure to file the proper form for reimbursement is not fatal where the Special Disability Fund waived its right to assert this defense (*see Matter of Winters v Roman Catholic Diocese*, 41 AD3d 1120, 1121-1122 [2007]). A statutory or regulatory right may generally be waived by a stip-

ulation or by conduct evincing an intent to forgo that right (*see Burnell v Huneau*, 1 AD3d 758, 759 n [2003]; *Cherry Green Prop. Corp. v Wolf*, 281 AD2d 367, 368 [2001]; *see also Hadden v Consolidated Edison Co. of N.Y.*, 45 NY2d 466, 469 [1978]). For example, where the Special Disability Fund filed a "notice of intention" stating that it had no objection to its liability for the portion of benefits attributable to concurrent employment, substantial evidence supported the Board's ruling that the Special Disability Fund waived its right to insist on the carrier's timely filing of form C-251.3 (*see Matter of Winters v Roman Catholic Diocese*, 41 AD3d at 1121-1122).

Although the question of waiver usually presents a factual issue for the Board, the resolution of which will not be disturbed if supported by substantial evidence (*see Matter of Arena v Crown Asphalt Co.*, 292 AD2d 743, 748 [2002]; *see also Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *Matter of McGuinness v John P. Picone, Inc.*, 36 AD3d 1032, 1032 [2007]), the Board's determination is arbitrary if it departs from prior Board precedent and fails to explain the reasons for its departure (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]). The Board has previously denied reimbursement to a carrier who failed to file form C-251.3, even though the Special Disability Fund had actual knowledge because it received notice of hearings, appeared at hearings and questioned the claimant on the issue of concurrent employment and the parties stipulated to concurrent employment and a schedule loss of use award (*see Estee Lauder*, 2007 WL 1600727, 2007 NY Wrk Comp LEXIS 3239 [2007]). Other Board decisions have held that actual notice of a claim for reimbursement through information on forms other than C-251.3 do not excuse the carrier's failure to file that proper form to obtain reimbursement, even where the Special Disability Fund does not allege any prejudice (*see Rockaway UFSD*, 2005 WL 731610, 2005 NY Wrk Comp LEXIS 2651 [2005]; *Town of Hempstead*, 2005 WL 402041 [2005]). While we agree that the Board could find a waiver under the circumstances here, the mere fact that the Special Disability Fund was on notice is not sufficient to excuse nonfiling of a form C-251.3. Because the Board failed to adequately explain why it reached a result in this case which departed from prior Board precedent, we reverse and remit to the Board for further proceedings.

Mercure, J.P., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.