■ In the Matter of the Claim of RONALD DICOB, Respondent, v AMF BOWLING, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 182]—

---

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 26, 2009, which ruled, among other things, that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury to his back in 1995 and was awarded workers' compensation benefits, with the last payment of compensation made in November 1995. Claimant again sustained compensable injuries to his back while working for the same employer in both January 1999 and June 1999. Subsequent hearings were held on the 1995 claim in 2001 and 2002, with findings of no compensable lost time, and in May 2002 the case was closed with no further action planned "without prejudice to apportionment." In July 2004, the 1995 claim was reopened to travel with the June 1999 claim regarding the issue of apportionment.[1] In September 2004, the 1995 claim was closed without prejudice to Workers' Compensation Law § 25-a. In 2008, the employer's workers' compensation carrier for the 1995 claim filed a request for further action on the claim, arguing that liability should shift to the Special Fund for Reopened Cases.[2] Ultimately, a workers' compensation law judge found no compensable lost time on the 1995 claim from May 2002 to the date of the hearing and shifted liability to the Fund pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board affirmed, finding that the case was closed with no further unresolved issues due to the lack of medical evidence supporting apportionment and the fact that none of the carriers had raised the issue. The Fund now appeals.

Generally, "[w]hether a case has been officially closed so as to shift liability to the Fund under Workers' Compensation Law § 25-a is a question of fact for the Board and depends upon whether further proceedings [were] contemplated at the time of the closing" (*Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]; *see Matter of Sidorovski v New Venture*

1. The June 1999 claim was closed in 2008 as the result of a settlement pursuant to Workers' Compensation Law § 32.

2. The employer had three different workers' compensation carriers for all three of claimant's work-related injuries.

*Gear*, 49 AD3d 1096, 1097 [2008]). However, "the Board's determination is arbitrary if it departs from prior Board precedent and fails to explain the reasons for its departure" (*Matter of Hernandez v Taco Bell, Inc.*, 52 AD3d 891, 893 [2008]). The Board previously rescinded the shifting of liability to the Fund pursuant to Workers' Compensation Law § 25-a where the case was closed without prejudice to apportionment and despite there being no medical evidence supporting apportionment (*see Employer: International Wire Group Inc.*, 2008 WL 4602980, *2, 2008 NY Wrk Comp LEXIS 9717, *3-5 [WCB No. 6971 0612, Oct. 2, 2008]). The Board found in *International Wire Group* that the issue of apportionment "was raised and has been pending without resolution" since the date that the claim was closed without prejudice to apportionment (2008 WL 4602980, *2, 2008 NY Wrk Comp LEXIS 9717, *5). Here, faced with similar facts, the Board found that the case was truly closed with no further proceedings contemplated. Inasmuch as the Board failed to adequately explain its departure from prior Board precedent, we modify the decision and remit to the Board for further proceedings (*see Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]; *Matter of Hernandez v Taco Bell, Inc.*, 52 AD3d at 893).

Cardona, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as found the Special Fund for Reopened Cases liable pursuant to Workers' Compensation Law § 25-a; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.