■ In the Matter of the Claim of SUSAN CEPLO, Respondent, v THE RAYMOND CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 318]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 7, 2009, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

Claimant sustained a work-related injury to her left elbow and hand in 1998, and successfully applied for workers' compensation benefits. In 2002, the self-insured employer applied for reimbursement from the Special Disability Fund on the basis of a prior injury (*see* Workers' Compensation Law § 15 [8] [d]). The Workers' Compensation Board ultimately rejected the employer's claim for reimbursement, finding that the claim form had been inadequately filled out. The employer and its third-party administrator appeal.

There is no question that "[t]he regulations and decisional authorities constrain us to uphold the Board's strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement from the Special Disability Fund" (*Matter of Roland v Sunmark Indus.*, 127 AD2d 894, 895 [1987]; *accord Matter of Vinovrski v Innovative Chem. Corp.*, 43 AD3d 1266, 1267 [2007]). Here, the relevant C-250 form required detailed information on the previous physical impairment, including the date of injury, and whether any legal action or workers' compensation claim arose from it. Even though the prior injury had occurred in the course of claimant's work for the employer—and, indeed, had resulted in an established workers' compensation claim managed by the third-party administrator—the only information provided about the injury was that it involved claimant's "right wrist." Moreover, the form wholly omitted the existence of the prior workers' compensation claim. Inasmuch as the form's requirements were not strictly complied

with, the Board's decision to reject it as deficient will not be disturbed (see Matter of Vinovrski v Innovative Chem. Corp., 43 AD3d at 1267; Matter of Masotto v Atlantic & Pac. Tea Co., 70 AD2d 714, 714-715 [1979]).

As a final matter, prior Board cases cited to by the employer and third-party administrator that excused strict compliance with the form's requirements are readily distinguishable and do not compel a different result.

Spain, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.