McCarthy, J.
Appeals (1) from a decision of a panel of the Workers’ Compensation Board, filed January 3, 2012, which ruled that claimant voluntarily removed himself from the labor market and denied his claim for workers’ compensation benefits, and (2) from a decision of the full Board, filed January 10, 2013, which adhered to the Board panel’s decision.
Claimant injured his back while working for Advance Auto Parts, and thereafter worked intermittently both at Advance Auto and at a new employer, LKQ Broadway Used Auto Parts. After he was terminated from LKQ for absenteeism, claimant ceased working and received unemployment insurance benefits. A Workers’ Compensation Law Judge subsequently concluded that claimant’s separation from employment was due to his compensable back injury and that he did not voluntarily withdraw from the labor market. A panel of the Workers’ Compensation Board reversed in a split decision, and claimant both appealed to this Court and sought full Board review. The full Board also determined that claimant’s awards must be rescinded, finding that claimant failed to produce sufficient evidence of an attachment to the labor market. Claimant appeals from that decision as well.
We reverse. “ ‘Where a claimant has a permanent partial disability but there has been no finding of involuntary retirement, the claimant has an obligation to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions,’ ” and the Board’s determination in that regard generally will not be disturbed if its findings are supported by substantial evidence (Matter of Bobbitt v Peter Charbonneau Constr., 85 AD3d 1351, 1351 [2011], quoting Matter of Peck v James Sq. Nursing Home, 34 AD3d 1033, 1034 [2006]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-192 [2012]; Matter of Launer v Euro Brokers, 115 AD3d 1130, 1131 [2014], lv denied 23 NY3d 906 [2014]). Nevertheless, “even though there is in the record substantial evidence to support the determination made,” the Board’s “failure to conform to [its] precedent will . . . require reversal on the law as arbitrary” if the Board has failed to explain the reason for its departure (Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]; see Matter of Dicob v AMF Bowling, Inc., 77 AD3d 1034, 1036 [2010]). As relevant here, thq Board has previously determined that a claimant remains attached to the labor market when he or she is actively *1043 participating in, among other things, a job-location service— such as One-Stop Career Centers — or Board-approved vocational rehabilitation, and that a claimant’s credible testimony regarding that participation is sufficient to establish attachment to the labor market (see Employer: Classic Bindery Inc., 2011 WL 3612749, *2, 2011 NY Wrk Comp LEXIS 3997, *5-6 [WCB No. G021 5031, July 27, 2011]). The Board here expressly found claimant’s testimony that he was actively participating with One-Stop to be credible but, because claimant did not provide documentation of his participation, the Board concluded that he failed to adequately demonstrate attachment to the labor market. The Board purported to rely upon a prior decision, Employer: American Axle (2010 WL 438153, *4-7, 2010 NY Wrk Comp LEXIS 2560, *12-20 [WCB No. 8030 3659, Feb. 4, 2010]), in determining that documentation was necessary but, while American Axle held that documentary evidence of active participation in One-Stop constitutes evidence of attachment to the labor market, it required documentary evidence only in connection with a claimant’s independent job search (id.). American Axle, therefore, does not provide an adequate basis for distinguishing Classic Bindery.
Moreover, Classic Bindery cannot be distinguished, as the employer and workers’ compensation carrier argue, on the ground that claimant failed to comply with a directive of the Workers’ Compensation Law Judge to provide documentation of his participation with One-Stop. Although the Board was entitled to require such documentation and to draw a negative inference as to the credibility of claimant’s testimony based on his failure to comply with the directive (see Matter of Peck v James Sq. Nursing Home, 34 AD3d at 1034; Employer: Freezer Queen Foods, 2007 WL 3356628, *3, 2007 NY Wrk Comp LEXIS 9925, *8-9 [WCB No. 8030 5219, Nov. 6, 2007]), the full Board here expressly found claimant’s testimony to be credible.* Under these circumstances, the Board has not adequately explained its departure from its prior precedent. Accordingly, the decision of the full Board must be reversed and the matter remitted to the Board for further proceedings (see Matter of Dicob v AMF Bowling, Inc., 77 AD3d at 1036; Matter of Hernandez v Taco Bell, Inc., 52 AD3d 891, 893 [2008]).
Lahtinen, J.E, Rose, Lynch and Devine, JJ., concur.
Ordered *1044 that the appeal from the January 3, 2012 decision is dismissed, without costs. Ordered that the January 10, 2013 decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 The Board panel apparently drew a negative inference based upon claimant’s failure to comply with the directive to submit documentation. The Board panel’s decision, however, was superceded by the decision of the full Board, and claimant’s appeal from the Board panel decision must be dismissed (Matter of Launer v Euro Brokers, 115 AD3d at 1130 n).