Matter of Mayers v Frito Lay (2020 NY Slip Op 04217)





Matter of Mayers v Frito Lay


2020 NY Slip Op 04217


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

529905

[*1]In the Matter of the Claim of Cynthia Mayers, Claimant,
v
Frito Lay et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Williams & Williams, Buffalo (Jared L. Garlipp of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed February 4, 2019, which, among other things, discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8) (d).
Claimant, a warehouse worker, sustained a work-related injury to her lower back in September 2002 and was awarded workers' compensation benefits. In October 2003, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a C-250 form seeking reimbursement from the Special Disability Fund (hereinafter the Fund) pursuant to Workers' Compensation Law § 15 (8). In February 2019, the Workers' Compensation Board ultimately rejected the carrier's claim for reimbursement and discharged the Fund from liability, finding, among other things, that the C-250 form had not been adequately completed. Although concluding that the deficient C-250 form — standing alone — warranted denial of the carrier's request for section 15 (8) relief, the Board further found, insofar as is relevant here, that the carrier could not rely upon — and the Fund was not bound by — a certain pretrial conference sheet signed by representatives of the carrier and the Special Funds Conservation Committee (the entity then responsible for the administration of the Fund) in February 2010, as such document was never approved by the Board. Finally, the Board found the carrier's arguments regarding laches and promissory estoppel to be unpersuasive. This appeal by the carrier ensued.
We affirm. Consistent with the provisions of 12 NYCRR 300.5 (e), a claim for reimbursement under Workers' Compensation Law § 15 (8) "shall be filed on a form prescribed by the [Board's] chair," i.e., form C-250 (see Matter of Cassata v General Motors Powertrain, 71 AD3d 1342, 1343 [2010]; Matter of Roland v Sunmark Indus., 127 AD2d 894, 895 [1987]), and this Court is compelled "to uphold the Board's strict adherence to the prescribed use and contents of forms for claims by carriers for reimbursement from the . . . Fund" (Matter of Ceplo v Raymond Corp., 78 AD3d 1465, 1465 [2010] [internal quotation marks and citation omitted]). Here, the C-250 form at issue required the carrier to provide — "in detail" — the "nature and extent" of any previous physical impairments and when they were incurred; in response, the carrier stated, "[b]ack, neck, depression and both arms" and indicated that such injuries were incurred prior to September 1, 2002. Section two of the form also required the carrier to provide the "full particulars" if such impairments were the subject of a prior workers' compensation or court claim, including the names of the relevant employer and workers' compensation carrier, as well as the Board file number. Despite the fact that claimant admittedly had prior workers' compensation claims, the carrier left this portion of the form completely blank. As the carrier failed to provide the information required by the C-250 form, "the Board's decision to reject it as deficient will not be disturbed" (id. at 1466).
As for the alternative grounds invoked by the Board, we agree that the pretrial conference sheet is not entitled to preclusive effect. Although this document — signed in February 2010 — indeed was prepared prior to the deadline set forth in Workers' Compensation Law § 15 (8) (h) (2) (A) (precluding the tendering of written submissions or evidence in support of a reimbursement claim after July 1, 2010) (compare Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d 1273, 1275 [2019]), "the pretrial conference sheet did not meet the requirements of either a stipulation (see 12 NYCRR 300.5 [b]) or a settlement between the parties (see Workers' Compensation Law § 32)," nor is there any indication that it was approved by a Workers' Compensation Law Judge or reviewed by the Board (Matter of Durham v Wal-Mart Stores, Inc., 174 AD3d at 1274). "Absent proof of such approval/review here, the pretrial conference sheet was not binding, and the issue of whether the [carrier] demonstrated its entitlement to reimbursement under Workers' Compensation Law § 15 (8) (d) remained within the exclusive province of the Board" (id. at 1274-1275 [internal quotation marks and citation omitted]; see Employer: The Waters of Westfield, 2019 WL 5096385, *5, 2019 NY Wrk Comp LEXIS 80700190, *1 [WCB No 8070 0190, Oct. 8, 2019] ["a (p)re(t)rial (c)onference worksheet (which is not a Board document) is not binding unless and until it is approved/adopted by the Board"]). As the pretrial conference sheet was not binding, the carrier's laches and promissory estoppel arguments must fail (see Employer: The Waters of Westfield, 2019 WL 5096385 at *5). The carrier's remaining arguments, including its assertion that the Board failed to either follow or explain its departure from its own precedent, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.