■ William M. Fiorito, Respondent, v. Frank Yaskulski, Jr., Doing Business under the Name of Fancher Hotel, Appellant.— Judgment unanimously modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: Defendant and plaintiff's predecessor in title entered into an agreement in writing by the terms of which defendant agreed to lease certain real estate for a period of two years and thereupon to purchase the property for $27,000. There is no validity to the contention of defendant that the agreement is not enforcible because it was executed by an agent of the vendor, who was not authorized in writing. Defendant in this action is the person sought "to be charged" and the fact that the agreement may not have been enforcible against the vendor is immaterial (Real Property Law, § 259; N. Y. Legis. Doc., 1944, No. 65 [D]). The Official Referee correctly found that there was an anticipatory repudiation of the contract by defendant before the time set for the acceptance of the deed. (Cf. 5 Corbin, Contracts, § 1141.) There was error, however, in the implementation of the relief to which plaintiff was entitled. It was found that defendant was liable for rent through the month of November, 1959, and at the same time the court decreed specific performance of the agreement to purchase as of September 30, 1958. It is obvious that plaintiff is not entitled to collect rent for these 13 months and at the same time be compelled to pay interest on the purchase price for a

like period. In view of the anticipatory repudiation of the contract we find that performance was demanded and deed was tendered on October 17, 1959. The findings should be amended to provide that defendant is liable for rent from June 1, 1959, to October 17, 1959, in the amount of $913.33. Moreover, plaintiff sought specific performance of the written agreement. This provided, among other things, that plaintiff was to furnish a warranty deed and defendant was to pay $10,000 cash (less the deposit of $1,000) and to give to the vendor a purchase-money mortgage for $17,000 payable in semiannual amounts of $600. The Official Referee was without authority to rewrite the contract for the parties and direct that the full amount of the price be paid on delivery of deed. The conclusions of law should be amended to provide (a) that defendant shall accept a warranty deed and pay to plaintiff the sum of $9,000 with interest at 6% from October 17, 1959, and (b) that defendant shall also execute and deliver to plaintiff a bond and mortgage, as described in the agreement, in the sum of $17,000 with interest at 5% from October 17, 1959. (Cf. Bergeman & Roth, New York Real Property Forms, pp. 1134–1136.) (Appeal from judgment of Orleans Supreme Court directing specific performance of a contract to purchase certain real property.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.