[683 NYS2d 335]

In the Matter of the Claim of KATHRYN FOTI-CRAWFORD, Respondent, v BUFFALO GENERAL HOSPITAL et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, December 30, 1998

## APPEARANCES OF COUNSEL

*Brenda C. Moses,* Cheektowaga, Special Disability Fund, for appellant.

*Hamberger & Weiss,* Buffalo (*Barbara J. Pleckan* of counsel), for Buffalo General Hospital and another, respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

In July 1991 claimant, a registered nurse, incurred a back injury in the course of her employment with Buffalo General Hospital (hereinafter the hospital). She was, at the time, concurrently employed by Supplemental Health Care, with total weekly earnings of $940.36 from these two jobs ($710.43 from the hospital and $229.93 from Supplemental). Claimant was ultimately classified as permanently partially disabled. Although she resumed her employment with the hospital in November 1992, her injury prevented her from returning to work at Supplemental Health Care.

Based on these facts, the Workers' Compensation Board awarded benefits to claimant, ruling that she had incurred a causally related reduction in earnings and was therefore entitled to an award of $153.36 per week, equal to two thirds of the difference between her preinjury average weekly wage of $940.36 and her postinjury pay from the hospital, which averaged $710.32 per week. The Board further ruled that, inasmuch as claimant had returned to work for her primary employer and was earning virtually the same amount she had earned there prior to her injury, the Special Disability Fund (hereinafter the Fund) was to reimburse the hospital's carrier for essentially all of claimant's continuing benefits, pursuant to Workers' Compensation Law § 14 (6). The Fund appeals from that decision, arguing that the Board erred in directing it to reimburse the hospital for claimant's benefits because the $153.36 she receives does not exceed the maximum amount the hospital would have had to pay if claimant had not been concurrently employed at the time of her injury.

Workers' Compensation Law § 14 (6) provides that in cases of concurrent employment, the "employer in whose employment the employee was injured shall be liable for the benefits that would have been payable if the employee had had no other

employment" and, further, that this "primary" employer (here, the hospital), though it must initially pay all benefits due the claimant, is to be reimbursed by the Fund for "[a]ny additional benefits resulting from the increase in average weekly wages due to the employee's concurrent employments". In support of its contention that claimant's benefits do not meet this description (and that reimbursement is therefore not warranted), the Fund cites two cases in which the injured party returned to work—but not for the primary employer—and we upheld the Board's interpretation of the statute as requiring reimbursement only where the benefits actually paid exceed the maximum amount for which the primary employer could have been liable on the basis of its wages alone (*see, Matter of Ryan v Metropolitan Prop. & Liab.*, 242 AD2d 836; *Matter of Tucker v New York City Health & Hosps. Corp.*, 188 AD2d 34).

Where, however, as here, claimant has actually returned to work for her primary employer, there is more justification for viewing her ongoing benefits as "resulting from the increase in average weekly wages due to [her] concurrent employment[ ]", and therefore as being reimbursable by the Fund. Unlike the situation in *Matter of Tucker v New York City Health & Hosps. Corp.* (*supra*) and *Matter of Ryan v Metropolitan Prop. & Liab.* (*supra*), claimant's lost wages can in no respect be attributed to an inability to " 'do her job [for the primary employer]' ", one factor that was cited when denying reimbursement in *Tucker* (*supra,* at 36). Moreover, as noted in *Tucker*, when a worker returns to a concurrent employment, application of the "ceiling" approach will never result in the primary employer being held liable for more than it would have under the prior statute, regardless of whether the concurrent employment was similar to the primary job (*see, Matter of Tucker v New York City Health & Hosps. Corp., supra,* at 37-38). Utilizing a "ceiling" formula, as in *Tucker,* when the claimant has returned to his or her primary employment, could, however, result in the imposition of a greater obligation on that employer than it would have borne under the old law (if, for example, the prior concurrent employment involved work that was "dissimilar" to that performed for the primary employer).

In view of this, as well as the obvious inequity in requiring an employer, for whom the claimant has resumed working at approximately the same rate of pay earned prior to an injury (or that employer's carrier) to also pay compensation benefits as a result of that injury, the Board's interpretation of the statute as permitting reimbursement in that situation cannot be

viewed as irrational.

MIKOLL, J. P., CREW III, SPAIN and GRAFFEO, JJ., concur.

Ordered that the decision is affirmed, without costs.