■ In the Matter of the Claim of PAUL EVANS, Respondent, v PLATTSBURGH CONSTRUCTION et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 475] —Cardona,

P. J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 1999, which ruled, *inter alia*, that the employer's workers' compensation carrier was entitled to partial reimbursement from the Special Funds Conservation Committee under Workers' Compensation Law § 14 (6).

Claimant was employed as a welder by Jo-Ja Construction Company and Plattsburgh Construction. He injured himself on July 23, 1994 when, while working for Plattsburgh, he came into contact with live electrical wires. Following the accident, claimant did not return to work for Jo-Ja and worked only briefly for Plattsburgh. In August 1994, he obtained a job as a welder with a new employer.

Claimant filed a claim for workers' compensation benefits and, following a hearing, his case was established for accident, notice and causal relationship. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) held that there was covered concurrent employment and awarded claimant reduced earnings. In determining reduced earnings, the WCLJ calculated claimant's combined average weekly wage to be $1,214.34, $341.12 from his employment with Plattsburgh (the primary employer) and $873.22 from his employment with Jo-Ja (the concurrent employer). In response, Plattsburgh's workers' compensation carrier sought reimbursement of reduced earnings from the Special Funds Conservation Committee. The WCLJ found that Special Funds was required to reimburse the carrier the full amount of the reduced earnings awarded.

Special Funds appealed to the Workers' Compensation Board seeking, *inter alia*, rescission of the finding of concurrent employment and recalculation of the average weekly wage attributable to the primary employer. The Board affirmed the finding of concurrent employment. In addition, based upon this Court's decision in *Matter of Tucker v New York City Health & Hosps. Corp.* (188 AD2d 34), it applied a reduced earnings "ceiling" equivalent to two thirds of the average weekly wage from the primary employer ($341.12) or $227.41 and determined that any reduced earnings awarded in excess of that amount were to be reimbursed to the carrier by Special Funds.

On appeal, the carrier argues that, pursuant to Workers' Compensation Law § 14 (6), Special Funds is required to reimburse it for all reduced earnings awarded and not only the amount above the ceiling. Workers' Compensation Law § 14 (6) states, in relevant part, as follows: "If the injured employee is concurrently engaged in more than one employment at the time of injury, the employee's average weekly wages shall be calculated upon the basis of wages earned from all concurrent

employments covered under this chapter. The employer in whose employment the employee was injured shall be liable for the benefits that would have been payable if the employee had no other employment. *Any additional benefits resulting from the increase in average weekly wages due to the employee's concurrent employments shall be payable in the first instance by the employer in whose employment the employee was injured and shall be reimbursed by the [Special Funds]* [emphasis supplied]." This very provision was analyzed in *Tucker v New York City Health & Hosps. Corp. (supra).* We concluded therein that the statute "plac[es] a ceiling on the liability of the employer in whose employment the claimant's injury occurred to pay benefits only on that portion of the claimant's total lost wages equivalent to the average weekly wages paid by that employer when the injury occurred" (*id.,* at 37). We further noted that such an interpretation was "consistent with the legislative history of Workers' Compensation Law § 14 (6)" (*id.*).

Inasmuch as the carrier has not made a compelling showing for departing from the construction of Workers' Compensation Law § 14 (6) adopted in *Tucker (supra)* and followed in our subsequent decisions (*see, Matter of Foti-Crawford v Buffalo Gen. Hosp.,* 250 AD2d 161; *Matter of Ryan v Metropolitan Prop. & Liab.,* 242 AD2d 836), we find that the Board properly applied the ceiling to the Special Funds' reimbursement of the reduced earnings awarded to claimant. We have considered the carrier's remaining contentions and find them unavailing. Therefore, we decline to disturb the Board's decision.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.