■ In the Matter of the Claim of JOHN E. SPURCK, Respondent, v AVIS RENT-A-CAR et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [736 NYS2d 438] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 10, 2000, which ruled that the employer's workers' compensation carrier was not entitled to reimbursement from the Special Disability Fund.

Claimant, concurrently employed as a cleaning supervisor by Avis Rent-A-Car and as an ambulance driver by First Call, suffered a work-related compensable injury during his employment with Avis in February 1995. Although claimant briefly returned to employment with Avis following the accident, in June 1995 he began working for Autohaus South Volkswagen, Inc. in the parts department. Claimant's workers' compensation case was established and the Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant's average weekly wage was $479.29, comprised of $320.09 from Avis and $159.20 from First Call (see, Workers' Compensation Law § 14 [6]). At subsequent hearings, the WCLJ made additional awards to claimant at various actual reduced earnings rates covering June 20, 1995, the date of his employment with Autohaus, through April 30, 1998.

In connection with these awards, Avis sought reimburse-

ment from the Special Disability Fund (hereinafter Special Fund), asserting that its liability for benefits should be measured by the difference between what claimant earned at Avis and what claimant earns at Autohaus. Consequently, Avis sought to be reimbursed from June 20, 1995 to May 30, 1996 at the rate of $98.36 weekly, and the entire sum of the actual reduced earnings award from May 30, 1996 to April 30, 1998 since claimant had attained his preinjury wage rate. The WCLJ determined that Avis was not entitled to reimbursement under Workers' Compensation Law § 14 (6) for the periods in question and the Workers' Compensation Board affirmed this determination.

On appeal, Avis and its workers' compensation carrier (hereinafter collectively referred to as Avis) argue that, pursuant to Workers' Compensation Law § 14 (6), the Special Fund is obligated to reimburse it because the awards result from the increase in average weekly wages attributable to claimant's concurrent employment at the time of injury. Specifically, Avis contends that for a large portion of the time period in question, claimant's wages with Autohaus exceeded those paid by Avis, the primary employer, and, consequently, any benefits awarded thereafter result directly from the concurrent employment and are to be reimbursed by the Special Fund. We disagree and therefore affirm.

Workers' Compensation Law § 14 (6) provides, in relevant part, as follows: "If the injured employee is concurrently engaged in more than one employment at the time of injury, the employee's average weekly wages shall be calculated upon the basis of wages earned from all concurrent employments covered under this chapter. The employer in whose employment the employee was injured shall be liable for the benefits that would have been payable if the employee had had no other employment. Any additional benefits resulting from the increase in average weekly wages due to the employee's concurrent employments shall be payable in the first instance by the employer in whose employment the employee was injured and shall be reimbursed by the [Special Fund] * * *." Our prior decisions have construed this statute as placing "a ceiling on the liability of the employer in whose employment the claimant's injury occurred to pay benefits only on that portion of the claimant's total lost wages equivalent to the average weekly wages paid by that employer when the injury occurred" (*Matter of Tucker v New York City Health & Hosps. Corp.*, 188 AD2d 34, 37; *see, Matter of Evans v Plattsburgh Constr.*, 277 AD2d 765, 767, *lv denied* 96 NY2d 721; *Matter of Foti-Crawford v*

*Buffalo Gen. Hosp.*, 250 AD2d 161; *Matter of Ryan v Metropolitan Prop. & Liab.*, 242 AD2d 836). Thus, the relevant inquiry is whether the primary employer is liable for the payment of greater benefits as a result of Workers' Compensation Law § 14 (6) than it would have been prior to the statute's enactment (*see, Matter of Tucker v New York City Health & Hosps. Corp., supra*, at 37).

Under former law, wages from concurrent employment were added to the wages from primary employment to determine reduced earnings based on average weekly wage only if the two employments were similar (*see, Matter of Ryan v Metropolitan Prop. & Liab., supra*, at 838; *Matter of Abellon v Nyack Hosp.*, 190 AD2d 128, 130, *affd* 83 NY2d 812). Here, the concurrent employment was dissimilar (cleaning supervisor at Avis and ambulance driver at First Call), so reduced earnings would have been calculated solely upon the weekly average Avis wage. Moreover, when claimant returned to dissimilar employment with Autohaus, the third employer, Avis would not have been able to offset the Autohaus wages which determined the average weekly wage for calculating its liability for reduced earnings (*see, Matter of Ryan v Metropolitan Prop. & Liab., supra*, at 838-839).

Thus, Avis' liability under prior law would have been $320.09, which was claimant's average weekly Avis wage. The per week liability for reduced earnings awarded never exceeded $140.06. As the liability of Avis is not greater under Workers' Compensation Law § 14 (6) than it would have been under prior law, the Board's decision is affirmed.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.