■ In the Matter of DAVID C. SCHWANER et al., Appellants, v DONALD COLLINS, as Assessor for Town of Canandaigua, et al., Respondents. [794 NYS2d 233]—

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered February 18, 2004 in a proceeding commenced pursuant to CPLR article 78 and RPTL article 7. The judgment granted respondents' motion to dismiss that part of the petition seeking relief pursuant to CPLR article 78.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the first cause of action is reinstated.

Memorandum: Petitioners commenced this special proceeding

pursuant to CPLR article 78 and RPTL article 7 to challenge, inter alia, the methodology by which respondent Donald Collins, Assessor for respondent Town of Canandaigua, prepared the 2002 assessment roll. Specifically, petitioners, all recent purchasers of lakefront or lakeview property, alleged that the 2002 assessment constituted an improper assessment because property that was recently acquired was assessed with a larger percentage increase than property that had not been recently acquired. Respondents moved to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7) and 7804 (f), arguing, inter alia, that the "proceeding fails as a matter of law pursuant to [a]rticle 78." Supreme Court granted the motion and dismissed that part of the petition seeking relief pursuant to CPLR article 78, and petitioners appealed. We reverse.

"Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). "A motion to dismiss under CPLR 3211 (a) (7) should not be granted unless, within the four corners of the pleading, liberally construed, the pleader[s have] failed to state a cause of action, or unless documents and other submissions establish conclusively that [the pleaders have] no cause of action" (*Grossman v Pharmhouse Corp.*, 234 AD2d 918, 919 [1996]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). "[E]very favorable inference must be afforded the facts alleged in the [petition] and in the various motion papers submitted" by the nonmoving party (*Held v Kaufman*, 91 NY2d 425, 432 [1998]). Viewing the petition in that light, we conclude that petitioners have set forth a cause of action under the Equal Protection Clauses of the United States and New York Constitutions by setting forth facts demonstrating gross disparities in the assessed value of similarly situated property (*see Allegheny Pittsburgh Coal Co. v Commission of Webster Cty.*, 488 US 336, 343-346 [1989]; *Matter of Gray v Huonker*, 305 AD2d 1081, 1082 [2003]). Here, the petition sets forth specific examples of gross disparities in the assessed value of allegedly comparable property, and thus that part of the petition seeking relief pursuant to CPLR article 78 should not have been dismissed at this, "the earliest pleadings[,] stage" of the litigation (*Held*, 91 NY2d at 432). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.