■ In the Matter of the Claim of PATRICK CARTER, Respondent, v VON ROLL ISOLA, USA, INC., et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [808 NYS2d 805]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 17, 2004, which, inter alia, ruled

that the employer's workers' compensation carrier was entitled to reimbursement from the Special Disability Fund.

The Workers' Compensation Law permits a claimant who holds multiple jobs at the time of his or her compensable injury to recover average weekly wages "calculated upon the basis of wages earned from all concurrent employments" (Workers' Compensation Law § 14 [6]; *see Matter of Foti-Crawford v Buffalo Gen. Hosp.*, 250 AD2d 161, 162-163 [1998]). Although the employer for whom a claimant is working at the time of his or her injury is initially responsible for paying all additional benefits attributable to the claimant's concurrent employment (*see* Workers' Compensation Law § 14 [6]), such employer or its workers' compensation carrier may seek reimbursement from the Special Disability Fund for all additional benefits paid (*see* Workers' Compensation Law § 15 [8] [l]). However, a prerequisite to reimbursement is a filing with the Workers' Compensation Board, by the employer or carrier, of a notice of the right to reimbursement (*see* Workers' Compensation Law § 15 [8] [l]; *see also Matter of Mazzarella v Cutting*, 288 AD2d 784, 785 [2001]; 12 NYCRR 300.5 [e]). Such notice "shall be filed . . . in writing prior to the decision making an award" (Workers' Compensation Law § 15 [8] [l]).

Claimant suffered a compensable injury in April 2002 and, in March 2004, he was awarded $400 in weekly benefits for the period of January 2003 to July 2003. In May 2004, he was again awarded benefits at the same rate for the period running from the date of his injury to January 2003. A representative of the Special Funds Conservation Committee (hereinafter Special Funds) was present at the hearing leading to this second award and Special Funds was at that time directed to audit claimant's concurrent wage data in anticipation of such issue being discussed at a subsequent hearing. At the ensuing hearing, the employer's workers' compensation carrier for the first time filed a notice of its right to reimbursement pursuant to Workers' Compensation Law § 14 (6). In the subsequent award covering July 2003 to July 2004, claimant received a weekly wage of $286.05, with $82.14 representing a weekly wage attributable to concurrent employment. This most recent award was affirmed upon review by the Workers' Compensation Board.

The sole issue presented herein by Special Funds is the construction of Workers' Compensation Law § 15 (8) (l); specifically, whether a notice of a right to reimbursement must be filed prior to the issuance of *any* award in a particular case or whether such notice must only precede the award dealing with concurrent wages. The Board determined that, in order to be ef-

fective, the notice need only precede the concurrent wage award. Although no deference must be accorded the Board in this matter of pure statutory construction (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 566 [2004]; *Matter of Coratti v Jon Josef Hair & Colour Group*, 17 AD3d 768, 769 [2005]), we find that the Board's interpretation was proper in light of the statutory text (*see generally Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 106-107 [1997]; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]).

It is agreed that the text of Workers' Compensation Law § 15 (8) (l) does not explicitly state that notice must precede only an award dealing with concurrent wages. However, that provision simply has no application absent the possibility of additional benefits being awarded pursuant to Workers' Compensation Law § 14 (6) "as a result of the employee's increased average weekly wages from wages earned in concurrent employment." (Workers' Compensation Law § 15 [8] [l].) Stated differently, it is clear from the wording and context of the statute that its reference to "an award" was intended to refer to an award dealing with concurrent wages since those wages are the singular topic of Workers' Compensation Law § 14 (6) and § 15 (8) (l). Therefore, in the instant matter, the carrier's failure to file the prescribed notice prior to the issuance of the awards in March and May 2004 does not bar it from receiving reimbursement from the Special Disability Fund because neither of those initial awards concerned concurrent wages. Inasmuch as the filing of the notice herein preceded the only concurrent wage award issued in this case, the Board appropriately found the notice to be timely.

We have examined Special Funds' remaining contentions and find them unpersuasive.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.