MARK PASSERO et al., Respondents, v STANLEY SICILIANO et al., Appellants. [829 NYS2d 321]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 22, 2006. The order granted plaintiffs' motion for leave to amend the complaint and denied defendants' cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking specific performance of a contract pursuant to which defendants agreed to purchase real property from them. Supreme Court properly denied defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), and (7). The contract provided that a separate bill of sale covering specific items would be signed at the time of closing, and in support of their motion defendants contended, inter alia, that they were entitled to void the contract by refusing to execute the bill of sale. We reject that contention. Viewing the contract as a whole and giving effect and meaning to every term thereof (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 89 [2001], *lv denied* 97 NY2d 603 [2001]), we conclude that defendants were required pursuant to the terms of the contract to execute the bill of sale at the time of closing. Thus, contrary to the contention of defendants, the documentary evidence submitted by them does not conclusively establish a defense to the asserted claims as a matter of law (*see* CPLR 3211 [a] [1]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Matter of Schwaner v Collins*, 17 AD3d 1068, 1069 [2005]). Defendants also failed to establish in support of their motion that there was a violation of the statute of frauds (*see* General Obligations Law § 5-703 [3]; CPLR 3211 [a] [5]). Here, the "part[ies] to be charged" within the meaning of General Obligations Law § 5-703 (3) are defendants, and thus "the fact that the [contract] may not have been enforcible against [plaintiff Karen Passero, who did not sign the counteroffer,] is immaterial (Real Property Law § 259; N.Y. Legis. Doc., 1944, No. 65[D])" (*Fiorito v Yaskulski*, 16 AD2d 867, 867 [1962]; *cf. Ellman v McCarty*, 70 AD2d 150 [1979]). Finally, defendants failed to establish as a matter of law that

plaintiffs failed to state a cause of action because the contract is void for illegality based on plaintiffs' alleged intent to defraud taxing authorities (*see* CPLR 3211 [a] [7]; *Schwaner*, 17 AD3d at 1069; *see generally Bank Leumi Trust Co. of N.Y. v D'Evori Intl.*, 163 AD2d 26, 31-32 [1990]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.