In the Matter of the Claim of RAYMOND BELANCE, Claimant, v MANHATTAN BEER DISTRIBUTORS et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 797]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed September 27, 2006, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

In November 2001, during the course of his employment with Manhattan Beer Distributors, claimant was involved in a car ac-

cident and subsequently filed a claim for compensation. In August 2002, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant had suffered a work-related injury to his back, right shoulder and neck, and that claimant's average weekly wage for his primary employment was $500. Proceedings were continued to allow claimant to produce proof of concurrent employment and the Special Disability Fund was provided notice of the proceedings. In October 2002, after further hearings were held in which the Special Disability Fund participated, the WCLJ found that claimant had concurrent employment, with a weekly wage of $131.40. The WCLJ directed that claimant be paid at a temporary rate of $200 per week from July 27, 2002 and continuing, with the primary employer's workers' compensation carrier (hereinafter the carrier) to pay the entire award and then seek reimbursement from the Special Disability Fund (see Workers' Compensation Law § 14 [6]; § 15 [8] [*l*]). On the same day, the Special Disability Fund filed a notice of intention which indicated that no notice of right to reimbursement of compensation payments under Workers' Compensation Law § 14 (6) and § 15 (8) (hereinafter form C-251.3) had been filed; the notice did not, however, indicate that the Special Disability Fund intended to file a request for review of the decision finding concurrent employment or that it was objecting to the award.

About one month later, the carrier filed form C-251.3. Additional hearings were held and, in December 2002, the Board awarded claimant the tentative rate of $200 per week from October 2, 2002 to November 27, 2002, and continuing thereafter. Claimant was then examined by the Special Disability Fund's physician, who found a moderate partial disability. The parties agreed to a partial moderate rate of disability and, in October 2003, in accordance with that agreement, a decision was issued modifying the award to a final rate of $210.47 per week. When the Special Disability Fund refused to reimburse the carrier for concurrent employment, the carrier sought a determination from the Workers' Compensation Board that the Special Disability Fund was required to reimburse the carrier under Workers' Compensation Law § 14 (6) and § 15 (8) (*l*). The Special Disability Fund argued that because form C-251.3 was not filed before the initial award of concurrent employment was made, reimbursement was not required. The Board directed the Special Disability Fund to reimburse the carrier for the concurrent employment portion of those awards made after form C-251.3 was filed. The Special Disability Fund now appeals.

Workers' Compensation Law § 14 (6) provides that a carrier

for a primary employer is initially responsible for paying additional benefits attributable to a claimant's concurrent employment. It may, however, seek reimbursement from the Special Disability Fund for the benefits attributable to the claimant's concurrent employment if the carrier has filed a notice of a right to reimbursement with the Special Disability Fund (*see* Workers' Compensation Law § 15 [8] [*l*]). Notice of the right to reimbursement must be filed in writing, on a form prescribed by the Board—form C-251.3 (*see* 12 NYCRR 300.5; *Matter of Carter v Von Roll Isola, USA, Inc.*, 25 AD3d 987, 988 [2006]; *Matter of Mazzarella v Cutting*, 288 AD2d 784, 785 [2001])—and, significantly, form C-251.3 "shall be filed with the [B]oard in writing prior to the decision making an award" (Workers' Compensation Law § 15 [8] [*l*]). Here, the Board decided that because form C-251.3 was filed after it had rendered its initial decision that found concurrent employment and made a tentative award, the carrier could not seek reimbursement for that initial award, but the carrier could seek reimbursement for the concurrent employment awards made in decisions it rendered after the carrier filed form C-251.3 in November 2002. The Special Disability Fund challenges the Board's construction of Workers' Compensation Law § 15 (8) (*l*) and specifically contends that it can only be held responsible for the payment of concurrent employment if form C-251.3 is filed prior to the initial award and, as a result, the filing of form C-251.3 before a subsequent award of concurrent wages is not, under the circumstances, timely.

While we accord no deference to the Board's determination with respect to the statutory construction of Workers' Compensation Law § 15 (8) (*l*) (*see Matter of Belmonte v Snashall*, 2 NY3d 560, 566 [2004]; *Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462 [1989]; *Matter of Carter v Von Roll Isola, USA, Inc.*, 25 AD3d at 989), we find the Board's interpretation to be proper. Here, we have at issue two separate categories of awards; the first was made in October 2002 before form C-251.3 was filed and the second was made after it was filed in November 2002. The Special Disability Fund contends that in *Matter of Carter v Von Roll Isola, USA, Inc.* (25 AD3d at 988), this Court concluded that if form C-251.3 is not filed before the first concurrent employment award is made, it cannot be held liable for reimbursements for any subsequent concurrent awards. In *Matter of Carter*, form C-251.3 was filed before the award for concurrent employment was made and, therefore, we held that "[i]nasmuch as the filing of the notice herein preceded the only concurrent wage award issued in this case, the Board appropriately found the notice to be timely" (*id.* at 989).

Subsequent awards for concurrent employment, however, were not at issue in *Matter of Carter*. Here, we agree with the Board's conclusion that because the notice preceded the December 2002 and October 2003 concurrent awards, it was timely filed as to those decisions and, therefore, did not bar reimbursement for concurrent employment awards that followed. The fact that the notice was not filed until after the first concurrent employment award was made, does not, in our view, bar reimbursement for any and all subsequent awards.

Nor do we agree that the Board's decision was arbitrary and capricious or inconsistent with its prior decisions. Each of the Board's decisions cited by the Special Disability Fund (*Matter of Triangle Servs.*, 2007 WL 4111810, 2007 NY Wrk Comp LEXIS 10158 [Nov. 14, 2007] [no form C-251.3 filed]; *Matter of Estee Lauder*, 2007 WL 1600727, 2007 NY Wrk Comp LEXIS 3239 [Mar. 23, 2007] [no form C-251.3 filed]; *Matter of St. James Church*, 2006 WL 694924, 2006 NY Wrk LEXIS 2210 [Mar. 13, 2006]; *Matter of Town of Hempstead*, 2005 WL 402041 [Feb. 14, 2005]) involved factual settings which are at odds with what exists here; none involved a situation where form C-251.3 was filed during an interim period in which the Board made numerous awards for concurrent employment.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.