VISTA PROPERTIES, LLC, Appellant, v ROCKLAND EAR, NOSE & THROAT ASSOCIATES, P.C., Respondent, et al., Defendants. [875 NYS2d 248]—

In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated June 2, 2008, which denied its motion for leave to serve an amended complaint, and granted the cross motion of the defendant Rockland Ear, Nose & Throat Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, on the facts, and as an exercise of discretion, with costs, the plaintiff's motion for leave to serve an amended complaint is granted, and the cross motion of the defendant Rockland Ear, Nose & Throat Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against it is denied.

The Supreme Court erred in concluding that enforcement of

the subject lease is barred by the statute of frauds. The statute of frauds requires a contract for the sale or long-term lease of real property to be signed by the party to be charged, i.e., the party against whom enforcement is sought (*see* General Obligations Law § 5-703 [2]; *Kaplan v Lippman,* 75 NY2d 320, 324 n [1990]). However, "[t]he absence of a signature by the party seeking to enforce the agreement is without legal significance" (*Kaplan v Lippman,* 75 NY2d at 324 n). Here, the plaintiff seeks to enforce a lease which was signed by the two individual shareholders of the defendant Rockland Ear Nose & Throat Associates, P.C. (hereinafter the defendant). Since the defendant is the party to be charged, the fact that the lease was not signed by the property owner, or by the plaintiff as the owner's agent, is immaterial (*see Kaplan v Lippman,* 75 NY2d at 324; *see also Passero v Siciliano,* 37 AD3d 1048, 1049 [2007]; *Muscatello v Artco Chem.,* 251 AD2d 882, 883 [1998]; *Fiorito v Yaskulski,* 16 AD2d 867 [1962]). Accordingly, the Supreme Court should not have granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Furthermore, the court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve an amended complaint to clarify that it entered into the subject lease as an agent for the property owner. Leave to amend a pleading should be freely granted absent prejudice or surprise resulting directly from the delay in seeking the amendment (*see* CPLR 3025 [b]; *Rosicki, Rosicki & Assoc., P.C. v Cochems,* 59 AD3d 512 [2009]; *Sheila Props., Inc. v A Real Good Plumber, Inc.,* 59 AD3d 424 [2009]; *Mackenzie v Croce,* 54 AD3d 825, 826 [2008]; *Bennett v Long Is. Jewish Med. Ctr.,* 51 AD3d 959 [2008]). The court should not examine the merits or legal sufficiency of the proposed amendment unless it is palpably insufficient or patently devoid of merit on its face (*see Rosicki, Rosicki & Assoc., P.C. v Cochems,* 59 AD3d 512 [2009]; *Mackenzie v Croce,* 54 AD3d 825, 826 [2008]). Here the proposed amendment asserting that the plaintiff entered into the lease as the agent of the property owner, who was an undisclosed principal, is neither palpably insufficient or patently devoid of merit (*see Kelly Asphalt Block Co. v Barber Asphalt Paving Co.,* 211 NY 68 [1914]; *Atai v Dogwood Realty of N.Y., Inc.,* 24 AD3d 695, 698 [2005]; *Leon Bernstein Commercial Corp. v Pan Am. World Airways,* 72 AD2d 707, 708 [1979]). Rivera, J.P., Ritter, Miller and Belen, JJ., concur.