[894 NYS2d 182]

In the Matter of the Claim of Shane Begor, Claimant, v Mark Holmes, Doing Business as Four Seasons Logging, et al., Respondents, and Brenner & McHugh, Inc., et al., Respondents, and American Zurich Insurance Company, Appellant. Workers' Compensation Board, Respondent.

Third Department, January 14, 2010

APPEARANCES OF COUNSEL

*Gibson & Behman, P.C.*, New York City (*Ron L. Langman* of counsel), for appellant.

*Gregory J. Allen, State Insurance Fund*, White Plains (*Kelly A. O'Neill* of counsel), for Brenner & McHugh, Inc. and another, respondents.

### OPINION OF THE COURT

GARRY, J.

In 2001, claimant was injured in a logging accident while employed by Mark Holmes, a subcontractor doing business as Four Seasons Logging. Four Seasons had no workers' compensation insurance. Claimant died from complications of his injuries in 2005. The general contractor on the project, Brenner & McHugh, Inc., had been hired by the landowner to develop the property. At the time of the accident, Brenner had workers' compensation insurance through the State Insurance Fund (hereinafter SIF). Brenner entered into a subcontract with Mid Hudson Hardwoods, Inc. by which Mid Hudson agreed to purchase and harvest timber on the land. Mid Hudson subcontracted with Four Seasons to cut the timber.

Mid Hudson's human resources functions, including payroll, employee benefits, and workers' compensation benefits, were managed by Hudson Valley Staff Limited (hereinafter HVSL), a professional employer organization (hereinafter PEO). Under the PEO arrangement, Mid Hudson selected its employees. HVSL then hired them, acted as their employer or coemployer of record, and leased them back to Mid Hudson. At the time of the accident, Mid Hudson's leased employees were covered by a workers' compensation and employers' liability insurance policy obtained by HVSL and issued by American Zurich Insurance Company (hereinafter Zurich), on which the named insured was HVSL as labor contractor for Mid Hudson. The policy provided, in pertinent part: "This policy provides coverage for the workers leased to the client [Mid Hudson] . . . This policy does not satisfy the client's duty for the complete payment of any obligations it may have under the Workers' Compensation Law for non-leased employees." The policy language was derived from provisions pertaining to leased employees in the New York Manual for Workers' Compensation and Employers' Liability Insur-

ance. The certificate of liability insurance for the policy similarly provided that "[c]overage is provided for only those employees leased to but not subcontractors of Mid Hudson."

After an initial hearing on claimant's application for workers' compensation benefits, a Workers' Compensation Law Judge (hereinafter WCLJ) found that Mid Hudson had coverage under the Zurich policy and continued the case. After further hearings, a WCLJ issued a decision that found that Mid Hudson did not have coverage on the date of the accident extending to Four Seasons and that, since Four Seasons and Mid Hudson had failed to provide coverage for claimant, SIF was obligated under Workers' Compensation Law § 56, as Brenner's carrier, to pay any outstanding awards and causally related medical bills.

SIF requested review of this decision by the Workers' Compensation Board. A panel of the Board concurred with the WCLJ's determination that the claim was SIF's liability, finding that Mid Hudson was an uninsured subcontractor because, although it had coverage for its leased employees, it had exposed itself to workers' compensation liability for which it had no coverage by subcontracting work to Four Seasons. SIF requested full Board review of this determination. The full Board accepted review, rescinded the Board panel's decision, and returned the matter for further consideration. The Board panel then issued a decision finding that the limitation of coverage in the Zurich policy to leased workers was ineffective to exempt claimant from coverage because, under Workers' Compensation Law § 54 (4), the policy was deemed to include the statutory coverage provided under Workers' Compensation Law § 56 to employees of uninsured subcontractors such as claimant. The Board panel therefore found that Zurich, as Mid Hudson's carrier, was liable for the claim. Zurich now appeals.

Because the resolution of this matter depends on pure statutory construction, we accord no deference to the Board's determination (see *Matter of Belance v Manhattan Beer Distribs.*, 52 AD3d 1059, 1061 [2008], *lv denied* 11 NY3d 715 [2009]; *Matter of Carter v Von Roll Isola, USA, Inc.*, 25 AD3d 987, 989 [2006]). However, we agree with the Board's statutory analysis. Pursuant to Workers' Compensation Law § 54 (4), every workers' compensation insurance policy

"shall be deemed to include all employees of the employer employed at or in connection with the business of the employer carried on, maintained, or

operated at the location or locations set forth in such contract or agreement *and employees for whose injuries a contractor may become liable under the provisions of [Workers' Compensation Law § 56]*" (emphasis added).

Workers' Compensation Law § 56, in turn, provides that

"[a] contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall, in any case of injury or death to any employee, arising out of and in the course of such hazardous employment, be liable for and pay compensation to such employee or persons entitled to compensation on the death of such employee . . . unless the subcontractor primarily liable for such compensation . . . has secured compensation therefor as provided in this chapter."

The purpose of Workers' Compensation Law § 56 is "to protect an injured employee and place liability on the insured contractor or subcontractor nearest to the uninsured employer in the chain of subcontractors" (*Matter of Minnaugh v Topper & Griggs*, 69 AD2d 965, 966 [1979]; *see Matter of Passarelli v Columbia Eng'g & Contr. Co.*, 270 NY 68, 73-74 [1936]).

It is undisputed that claimant was the employee of an uninsured subcontractor in hazardous employment, thus bringing him within the ambit of the statutory protection. We agree with the Board that Mid Hudson, as the contractor nearest in the chain to claimant's uninsured employer, became liable for his injuries under Workers' Compensation Law § 56, and that the limitation in its policy to leased employees was ineffective to exclude him from the statutory coverage deemed to be included in Mid Hudson's policy under Workers' Compensation Law § 54 (4). Zurich argues that Mid Hudson should have been found to be uninsured with regard to claimant because he was not a leased employee, thus shifting liability for his coverage to SIF as the carrier for the next insured contractor in the chain. Mid Hudson was not, however, uninsured, and neither the fact that its workers' compensation coverage was procured on its behalf by a PEO or that the PEO was named as an insured in the policy in its capacity as Mid Hudson's labor contractor alters this conclusion. Further, Mid Hudson's use of a PEO arrangement with HVSL to manage its relationships with its own employees does not affect its status as a contractor in relation to Four Seasons for purposes of Workers' Compensation Law § 56.

Workers' Compensation Law § 56 places liability on the contractor nearest in the chain to the uninsured employer in order to encourage contractors to employ "only those subcontractors who have workers' compensation coverage, or face the financial risk themselves" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 56, at 102). This purpose would be subverted by permitting a contractor who hires an uninsured subcontractor to deflect liability to another contractor by using a PEO to procure its employees and its workers' compensation coverage. "The Workers' Compensation Law is remedial in nature and should be liberally construed so as to effectuate the economic and humanitarian objects of the act" (*Matter of Simpson v Glen Aubrey Fire Co.*, 86 AD2d 909, 910 [1982] [citation omitted]). The Board's determination that Mid Hudson, as the nearest insured subcontractor to Four Seasons in the chain of contractors, was liable to claimant under Workers' Compensation Law § 54 (4) and § 56 is in accord with the plain language of both statutes and with the public policy considerations underlying the workers' compensation statutory scheme (*see Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305, 313 [1982]).

CARDONA, P.J., ROSE, MALONE JR and STEIN, JJ., concur.

Ordered that the decision is affirmed, without costs.