In a consolidated action, inter alia, to recover damages for medical malpractice, the defendant Daniel Lehman appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered January 30, 2012, as denied his motion for leave to amend his answer to assert the statute of limitations as a defense to the cause of action alleging wrongful death, and the defendants Jay Motola and Jay A. Motola, M.D., EC., cross-appeal, as limited by their brief, from stated portions of the same order. By order to show cause dated July 10, 2012, the parties or their attorneys were directed to show cause before this Court why an order should or should not be made and entered dismissing the cross appeal of Jay Motola and Jay A. Motola, M.D., EC., on the ground that they are not aggrieved by the order entered January 30, 2012. By decision and order on motion of this Court dated August 30, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
Ordered that the motion to dismiss the cross appeal of Jay Motola and Jay A. Motola, M.D., EC., on the ground that they are not aggrieved by the order entered January 30, 2012, is granted (see CFLR 5511); and it is further,
Ordered that the order is reversed insofar as appealed from by the defendant Daniel Lehman, on the law and in the exercise of discretion, and the motion of the defendant Daniel Lehman for leave to amend his answer to assert the statute of limitations as a defense to the cause of action alleging wrongful death is granted; and it is further,
Ordered that one bill of costs is awarded to the defendant Daniel Lehman, payable by the plaintiff.
In August 2008, the plaintiff, as executor of the estate of James Dalton (hereinafter the decedent), commenced an action against Jay Motola, individually, and Northern Westchester Hospital Center (hereinafter the Hospital), alleging that Motola and the Hospital negligently performed prostate surgery on the decedent, and that their negligence caused the decedent serious injury resulting in his death. In January 2010, the plaintiff, as *630 executor of the decedent’s estate, commenced a second action against, among others, Jay A. Motola, M.D., EC., and Daniel Lehman, alleging that they negligently performed prostate surgery on the decedent, and that their negligence caused him serious injury resulting in the decedent’s death. Subsequently, the two actions were consolidated. In October 2011, Lehman moved for leave to amend his answer to assert the statute of limitations as a defense to the cause of action alleging wrongful death.
The Supreme Court improvidently exercised its discretion in denying Lehman’s motion. In the absence of prejudice or surprise to the opposing party, leave to amend an answer to assert an affirmative defense should be freely given where the proposed amendment is neither palpably insufficient nor patently devoid of merit (see CPLR 3025 [b]; Tomasino v American Tobacco Co., 57 AD3d 652, 653 [2008]; Matter of Roberts v Borg, 35 AD3d 617, 618 [2006]). “The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt” (Sample v Levada, 8 AD3d 465, 467-468 [2004]; see Maldonado v Newport Gardens, Inc., 91 AD3d 731, 732 [2012]; Vista Props., LLC v Rockland Ear, Nose & Throat Assoc., PC., 60 AD3d 846, 847 [2009]).
Here, it is undisputed that the two-year statute of limitations applicable to a cause of action alleging wrongful death began to run on August 14, 2007, the date of the decedent’s death (see EPTL 5-4.1), and that the plaintiff commenced the second action, in which Lehman was a named defendant, more than two years after the decedent’s death. Accordingly, Lehman’s proposed affirmative defense of the statute of limitations as to so much of the complaint as sought to recover damages for wrongful death was not palpably insufficient nor patently devoid of merit on its face, and the plaintiff’s contentions regarding the relation back doctrine (see CPLR 203 [b]) did not warrant the denial of Lehman’s motion. Consequently, as there was no evidence that the amendment would unfairly prejudice the plaintiff, the Supreme Court should have granted Lehman’s motion for leave to amend his answer without conducting a further examination into the ultimate merits of the proposed amendment (see Maldonado v Newport Gardens, Inc., 91 AD3d at 732; Vista Props., LLC v Rockland Ear, Nose & Throat Assoc., P.C., 60 AD3d at 847; Lucido v Mancuso, 49 AD3d 220, 229 [2008]). “If [the plaintiff] wishes to test the merits of the proposed added . . . defense, [the plaintiff] may later move for summary judgment upon a proper showing” (Lucido v Mancuso, 49 AD3d at 229). Skelos, J.E, Dickerson, Lott and Roman, JJ., concur.