Lemiszko v Mosovich 2014 Family Trust (2021 NY Slip Op 00744)





Lemiszko v Mosovich 2014 Family Trust


2021 NY Slip Op 00744


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1052 CA 19-01528

[*1]TROY C. LEMISZKO, PLAINTIFF-RESPONDENT,
v
MOSOVICH 2014 FAMILY TRUST, DEFENDANT-RESPONDENT, AAA CONTRACTING, LLC, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






OSBORN, REED & BURKE, LLP, ROCHESTER (JEFFREY P. DIPALMA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (RICHARD A. NICOTRA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
HURWITZ & FINE, P.C., BUFFALO (DAVID RAY ADAMS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered August 12, 2019. The order denied the motion of defendant AAA Contracting, LLC to dismiss, inter alia, plaintiff's Labor Law claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he fell from a ladder while on premises owned by defendant Mosovich 2014 Family Trust (Trust). AAA Contracting, LLC (defendant) appeals from an order that denied defendant's pre-answer motion to dismiss plaintiff's Labor Law §§ 200, 240, and 241 claims and the cross claim of the Trust insofar as it seeks contractual indemnification against defendant. We affirm.
Initially, we reject defendant's contention that Supreme Court should have granted that part of its motion seeking dismissal of plaintiff's Labor Law claims against it based on collateral estoppel (see CPLR 3211 [a] [5]). "Whether collateral estoppel applies is . . . a question of law turning on the identity of the issues involved and whether there was a full and fair opportunity to litigate the issue in the prior proceeding" (Matter of Guimarales [New York City Bd. of Educ.Roberts], 68 NY2d 989, 991 [1986]; see Ryan v New York Tel. Co., 62 NY2d 494, 500-505 [1984]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704 [2015]; see Medlock Crossing Shopping Ctr. Duluth, Ga. L.P. v Warren, 175 AD3d 934, 936 [4th Dept 2019]). Here, defendant did not meet its burden of establishing that a determination in plaintiff's prior workers' compensation proceeding precludes plaintiff from recovering under the Labor Law in the instant action (see Medlock Crossing Shopping Ctr. Duluth, Ga. L.P., 175 AD3d at 935). In the prior determination, the Workers' Compensation Board declined to hold defendant liable for plaintiff's injuries under Workers' Compensation Law § 56 because "there was no contract between [defendant] and [plaintiff's uninsured employer, defendant] Dean Nelipowitz" (see generally Matter of Begor v Holmes, 71 AD3d 244, 247 [3d Dept 2010], lv dismissed 15 NY3d 815 [2010], rearg denied 15 NY3d 910 [2010]). Contrary to defendant's contention, that discrete factual finding does not preclude plaintiff from establishing that he is a protected worker within the meaning of the Labor Law, i.e., that " 'he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " (Mordkofsky [*2]v V.C.V. Dev. Corp., 76 NY2d 573, 576-577 [1990]; cf. Lee v Jones, 230 AD2d 435, 436 [3d Dept 1997], lv denied 91 NY2d 802 [1997]). Indeed, the prior determination acknowledges that plaintiff "was injured while working for Dean Nelipowitz," and therefore this is not a case where plaintiff "was a mere volunteer and thus not entitled to the protection of the Labor Law" (Lee, 230 AD2d at 438). The prior determination also does not preclude the possibility that the Trust, as owner of the property, contracted for the services of plaintiff's employer, either directly or through defendant as an agent. Further, defendant may be held liable under the Labor Law even if it did not hire or contract with plaintiff's employer if plaintiff establishes that defendant was a general contractor, i.e., that defendant "was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [4th Dept 2000]; see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 413 [1st Dept 2019]). The court therefore properly denied that part of defendant's motion seeking dismissal of plaintiff's Labor Law claims against it.
The court also properly denied that part of defendant's motion to dismiss the Trust's cross claim insofar as it seeks contractual indemnification against defendant based on the failure to state a claim or, alternatively, documentary evidence. "A motion to dismiss under CPLR 3211 (a) (7) should not be granted unless, within the four corners of the pleading, liberally construed, the pleader has failed to state a cause of action, or unless documents and other submissions establish conclusively that plaintiff has no cause of action" (Grossman v Pharmhouse Corp., 234 AD2d 918, 919 [4th Dept 1996]; see Matter of Schwaner v Collins, 17 AD3d 1068, 1069 [4th Dept 2005]).
" '[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one' " (Leon v Martinez, 84 NY2d 83, 88 [1994]). Here, the Trust's cross claim clearly states that it is seeking contractual indemnification from each of its codefendants (see Biance v Columbia Washington Ventures, LLC, 12 AD3d 926, 928 [3d Dept 2004]). Further, "[u]nder CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon, 84 NY2d at 88). Here, the court properly concluded that the incomplete contract submitted by defendant in support of its motion was insufficient to establish defendant's entitlement to dismissal of the cross claim against it.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court